### COMMONWEALTH *vs.* CHARLES H. STRATTON.
### SAME *vs.* SAME.

One is guilty of an assault and battery who delivers to another a thing to be eaten, knowing that it contains a foreign substance and concealing the fact, if the other, in ignorance of the fact, eats it and is injured in health.

INDICTMENTS, each charging that the defendant, upon a certain young woman, in the indictment named, made an assault and administered to her a large quantity of cantharides, "the same being" "a deleterious and destructive drug," with intent to injure her health, whereby she became sick and her life was despaired of. Both cases were tried together.

It appeared at the trial in the Superior Court, before *Devens,* J., that the defendant, in company with another young man, called upon the young women in the indictments named, and during the call offered them some figs, which they ate, they having no reason to suppose that the figs contained any foreign substance; that a few hours after, both young women were taken sick and suffered pain for some hours; that the defendant and his companion had put into the figs something they had procured

by the name of "love powders," which was represented by the person of whom they got it to be perfectly harmless.

There was evidence that one of the ingredients of these powders was cantharides, and that this would tend to produce sickness like that which the young women suffered.

The court instructed the jury that if it was shown beyond a reasonable doubt "that the defendant delivered to the women a harmless article of food, as figs, to be eaten by them, he well knowing that a foreign substance or drug was contained therein, and concealing the fact, of which he knew the women to be ignorant, that such foreign substance or drug was contained therein, and the women eating thereof, by the invitation of the defendant, were injured in health by the deleterious character of the foreign substance or drug therein contained, the defendant should be found guilty of an assault upon them, and this, although he did not know the foreign substance or drug was deleterious to health, had been assured that it was not, and intended only to try its effect upon them, it having been procured by him under the name of a 'love powder,' and he being ignorant of its qualities or of the effects to be expected from it."

The jury found the defendant guilty of a simple assault in each case, and he alleged exceptions.

*W. Colburn,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

WELLS, J.* All the judges concur that the evidence introduced at the trial would warrant a conviction of assault and battery, or for a simple assault, which it includes. And in the opinion of a majority of the court, the instructions given required the jury to find all that was essential to constitute the offence of assault and battery.

The jury must have found a physical injury inflicted upon another person by a voluntary act of the defendant, directed towards her, which was without justification and unlawful. Although the defendant was ignorant of the qualities of the drug he administered, and of the effects to be expected from it, and had been

---

* This case was submitted on briefs at this session, argued in January, 1874 and considered by all the judges.

assured and believed that it was not deleterious to health, yet he knew it was not ordinary food, that the girl was deceived into taking it, and he intended that she should be induced to take it without her conscious consent, by the deceit which he practised upon her. It is to be inferred from the statement of the case that he expected it would produce some effect. In the most favorable aspect of the facts for the defendant, he administered to the girl, without her consent and by deceit, a drug or "foreign substance," of the probable effect of which he was ignorant, with the express intent and purpose "to try the effect of it upon" her. This, in itself, was unlawful, and he must be held responsible for whatever effect it produced. Being an unlawful interference with the personal rights of another, calculated to result and in fact resulting in physical injury, the criminal intent is to be inferred from the nature of the act and its actual results. 3 Bl. Com. 120. *Rex* v. *Long*, 4 C. & P. 398, 407, note. The deceit, by means of which the girl was induced to take the drug, was a fraud upon her will, equivalent to force in overpowering it. *Commonwealth* v. *Burke*, 105 Mass. 376. *Regina* v. *Lock*, 12 Cox C. C. 244. *Regina* v. *Sinclair*, 13 Cox C. C. 28.

Although force and violence are included in all definitions of assault, or assault and battery, yet, where there is physical injury to another person, it is sufficient that the cause is set in motion by the defendant, or that the person is subjected to its operation by means of any act or control which the defendant exerts. In 3 Chit. Crim. Law, 799, is a count, at common law, for an assault with drugs. For other instances of assault and battery without actual violence directed against the person assaulted, see 1 Gabbett's Crim. Law, 82 ; Rosc. Crim. Ev. (8th ed.) 296; 3 Bl. Com. 120, and notes ; 2 Greenl. Ev. § 84.

If one should hand an explosive substance to another, and induce him to take it by misrepresenting or concealing its dangerous qualities, and the other ignorant of its character, should receive it and cause it to explode in his pocket or hand, and should be injured by it, the offending party would be guilty of a battery, and that would necessarily include an assault; although he might not be guilty even of an assault, if the substance failed

to explode or failed to cause any injury. It would be the same if it exploded in his mouth or stomach. If that which causes the injury is set in motion by the wrongful act of the defendant, it cannot be material whether it acts upon the person injured externally or internally, by mechanical or chemical force.

In *Regina* v. *Button*, 8 C. & P. 660, one who put Spanish flies into coffee to be drank by another, was convicted of an assault upon the person who took it, although it was done " only for a lark." This decision is said to have been overruled in England. *Regina* v. *Dilworth*, 2 Mood. & Rob. 531. *The Queen* v. *Walkden*, 1 Cox C. C. 282. *Regina* v. *Hanson*, 2 C. & K. 912. In the view of the majority of the court, the last only of these three cases was a direct adjudication, and that entirely upon the authority of mere *dicta* in the other two, and without any satisfactory reasoning or statement of grounds ; and the earlier decision in *Regina* v. *Button* is more consistent with general principles, and the better law. *Exceptions overruled.*