# Supreme Court of Judicature

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1893, IN THE SEVENTY-EIGHTH YEAR OF THE STATE.

———————◆———————

No. 17,001.

### CARR v. THE STATE.

<div style="float:right">|135   1|<br>|137   64|</div>

CRIMINAL LAW.—*Evidence.*—*Reputation for Peace and Quietude.*—*Murder in First Degree.*—*Administering Poison.*—*Assault.*—In a prosecution for murder in the first degree, perpetrated by administering poison, an assault being involved in the infliction of the injury, it was error for the court to reject an offer by the defendant to prove, by a competent witness, that her character and reputation for peace and quietude were good.

From the Marion Criminal Court.

*F. T. Hord*, *L. Perkins* and *W. H. H. Miller*, for appellant.

*A. G. Smith*, Attorney-General, *J. W. Holtzman* and *J. M. Leathers*, for the State.

HACKNEY, J.—In the court below the appellant was tried, convicted, and sentenced to a life imprisonment

upon an indictment charging her with the crime of murder in the first degree, in the killing of her child, Conwell Carr, by administering to him a deadly poison. In the course of the trial, and as a part of her defense, it was proposed to prove, by a competent witness, that her character and reputation for peace and quietude were good. Upon the objection of the prosecutor, the evidence was excluded by the court upon the expressed ground that such trait of character was not involved in the offense charged.

The questions by which such evidence was sought were informal, but as the objection was sustained with express reference to the subject-matter, and as objection is not made here as to the form of such questions, we will determine the correctness of the ruling as made.

In *Hall* v. *State*, 132 Ind. 317, this court passed upon the point here in issue. It is there said: "The appellant offered to prove his general reputation for peace and quietude, and the court excluded it. In this the court committed an error. Evidence of the general reputation of the accused for peace and quietude is permissible in a prosecution for murder, though the murder may have been committed by poisoning."

In *Warner* v. *State*, 114 Ind. 137, this court held that an assault is a constituent element of the crime of murder.

In *Commonwealth* v. *Stratton*, 114 Mass. 303, the court says: "Although force and violence are included in all definitions of assault, or assault and battery, yet, where there is physical injury to another person, it is sufficient that the cause is set in motion by the defendant, or that the person is subjected to its operation by means of any act or control which the defendant exerts," citing 3 Chit. Crim. Law, 799; 1 Gabbett's Crim. Law, 82; Rose Crim.

Carr *v.* The State.

Ev. (8th ed.), 296; 3 Bl. Com. 120, and notes, and 2 Greenl. Ev., section 84.

It is there further said: "If one should hand an explosive substance to another, and induce him to take it by misrepresenting or concealing its dangerous qualities, and the other, ignorant of its character, should receive it and cause it to explode in his pocket or hand, and should be injured by it, the offending party would be guilty of a battery, and that would necessarily include an assault. * * * It would be the same if it exploded in his mouth or stomach. If that which causes the injury is set in motion by the wrongful act of the defendant, it can not be material whether it acts upon the person injured externally or internally, by mechanical or chemical force." *Regina* v. *Button,* 8 C. and P. 660.

The contrary is not suggested, but it is practically conceded, as it must be, that the character for peace is involved in the offense of an assault or an assault and battery. This being true, and having reached the conclusion that an assault is involved in the unlawful infliction of an injury by administering poison, the action of the court in refusing the offered evidence was erroneous.

The judgment of the criminal court is reversed, with instructions to sustain the appellant's motion for a new trial.

Filed June 15, 1893; petition for a rehearing overruled Sept. 27, 1893.