In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-4164

GARY LAGUERRE,

*Petitioner,*

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent.*

———————

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A40-131-638

———————

ARGUED JANUARY 29, 2008—DECIDED MAY 20, 2008

———————

Before BAUER, KANNE and ROVNER, *Circuit Judges*.

PER CURIAM.   After an Illinois court convicted Gary
LaGuerre of domestic battery in 2005, the Department of
Homeland Security initiated deportation proceedings
on the ground that his conviction rendered him deport-
able. LaGuerre applied for protection under the Conven-
tion Against Torture. An Immigration Judge rejected
LaGuerre's CAT claim and determined that his domestic
battery conviction was a "crime of violence," and there-
fore an "aggravated felony" under the Immigration and
Nationality Act, 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16,

justifying deportation. The BIA affirmed, and LaGuerre now petitions for review. Because domestic battery, as Illinois defines it, is a crime of violence under 18 U.S.C. § 16(a), we deny the petition for review.

In 1985 when LaGuerre was eleven years old, he fled from Haiti to America with his parents. Since coming to America, LaGuerre secured employment, married, and fathered a daughter. Unfortunately, he also had several run-ins with the law. Among them, two convictions for domestic battery, the second of which occurred in 2005 after LaGuerre punched his ex-girlfriend in the face. Because this was LaGuerre's second conviction for domestic battery in Illinois, the court imposed a two-year sentence.

In 2006, DHS charged that LaGuerre's second conviction for domestic battery was a "crime of violence," and therefore LaGuerre was a deportable aggravated felon. LaGuerre denied that his conviction was a crime of violence, and also sought CAT protection. LaGuerre contended that, if he returned to Haiti, he would be killed because of (1) his uncle's association with the Ton Ton Macoutes, the death squad of former dictator "Papa Doc" Duvalier, and (2) his father's status as a landowner. The IJ concluded that LaGuerre's domestic battery conviction constituted a "crime of violence" pursuant to 18 U.S.C. § 16(a) and § 16(b) and therefore warranted deportation as an aggravated felony. Additionally, the IJ denied LaGuerre's request for CAT protection, finding that LaGuerre failed to establish it was more likely than not that he would be tortured if he returned to Haiti.

LaGuerre appealed to the BIA. Affirming the IJ, the BIA examined the charging documents and found that LaGuerre's offense constituted a crime of violence under

§ 16(a). The BIA also affirmed the IJ's determination that LaGuerre did not qualify for relief under the CAT.

LaGuerre first argues that the BIA erred when it determined that domestic battery in Illinois is an offense that justifies deportation. An offense warrants deportation if it is as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). That statute states that an aggravated felony is a conviction for a "crime of violence," itself defined in 18 U.S.C. § 16(a), that is punishable for more than a year. This court reviews the determination that LaGuerre committed a crime of violence de novo. *See Eke v. Mukasey*, 512 F.3d 372, 378 (7th Cir. 2008).

Section 16(a) defines a crime of violence as an offense that has as an element the "use, attempted use, or threatened use of physical force against the person or property of another." LaGuerre argues that his Illinois domestic battery conviction does not qualify as a crime of violence because, though punishable for more than a year, domestic battery does not have "use, attempted use, or threatened use of physical force" as an element of the crime.

When we examine whether an offense is a crime of violence under § 16(a), "the inquiry begins and ends with the elements of the crime." *Flores v. Ashcroft*, 350 F.3d 666, 669-71 (7th Cir. 2003). The government argues that this court should look beyond the plain language of the statute to the underlying facts of the offense when deciding if a conviction is a crime of violence. This is called the "modified" approach to evaluating the nature of an offense. But we have consistently held that the plain language of § 16(a) limits our review to the elements of the offense. *See United States v. Franco-Fernandez*, 511 F.3d 768, 770-71 (7th Cir. 2008); *but see Flores*, 350 F.3d at 669-71 (citing *United States v. Howze*, 343 F.3d 919, 923 (7th

Cir. 2003)) (noting a limited exception, not applicable here, for laws that define two different acts as the same crime, and just one contains the elements of a crime of violence).

In this case, the elements of LaGuerre's crime of domestic battery establish that it is a crime of violence. LaGuerre was charged under one subsection of the battery statute: 720 ILCS 5/1-3.2(a)(1). This subsection provides that "[a] person commits domestic battery if he intentionally or knowingly without legal justification by any means: (1) Causes bodily harm to any family or household member." *See* 720 ILCS 5/12-3.2(a)(1). We have recently held that domestic violence, as defined by this Illinois statute, qualifies as a crime of violence because, as § 16(a) requires, it has as an element the use of physical force. *United States v. Upton*, 512 F.3d 394, 405 (7th Cir. 2008). Our reasoning was definitive and controls the outcome here:

> This provision of the statute unambiguously requires proving 'physical force': to sustain his conviction for domestic battery, the state had to prove that he '[c]ause[d] bodily harm,' which means that it had as an element 'the use . . . of physical force against the person of another.'

*Id.* Therefore, we concur with the IJ that LaGuerre's domestic battery conviction is an aggravated felony that subjects LaGuerre to deportation. *See* 8 U.S.C. § 1101(a)(43)(F).

Finally, LaGuerre argues that the BIA applied an incorrect legal standard when it determined that he did not qualify for CAT relief. To qualify for protection under the CAT, LaGuerre bore the burden of proving to the IJ

that it is "more likely than not" that he would be tortured if removed to Haiti. *See* 8 C.F.R. § 1208.16(c)(2). Our review is limited to only constitutional claims and questions of law related to LaGuerre's CAT claim. 8 U.S.C. §§ 1252(a)(2)(C) & (D); *Valere v. Gonzales*, 473 F.3d 757, 761 (7th Cir. 2007). LaGuerre does not raise any constitutional claims and his only purported question of law is a request that we review the correctness of the BIA's factual findings that he did not satisfy his burden of proving likely torture. But we do not have jurisdiction to review for substantial evidence those conclusions. *See Hamid v. Gonzales*, 417 F.3d 642, 647-48 (7th Cir. 2005).

Accordingly, we deny the petition for review.