NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2011[*]
Decided April 13, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3776

| | |
|---|---|
| SAMER T. SHEHADEH, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A047 794 075 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

## O R D E R

Samer Shehadeh, a citizen of Jordan, married an American citizen and then moved to the United States as a conditional permanent resident. *See* 8 U.S.C. § 1186a(a)(1); 8 C.F.R. § 216.1. Less than a year after he arrived, an Illinois court convicted him of misdemeanor domestic battery against his then-spouse, *see* 720 ILCS 5/12-3.2(a)(1). An immigration judge ordered him removed after determining that this conviction qualified as a "crime of domestic violence," *see* 8 U.S.C. § 1227(a)(2)(E)(i), meaning "any crime of violence" as

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

defined in 18 U.S.C. § 16(a) that is committed against a person with whom the perpetrator has a domestic relationship. The Board of Immigration Appeals agreed and dismissed Shehadeh's administrative appeal, relying on our decision in *LaGuerre v. Mukasey*, 526 F.3d 1037 (7th Cir. 2008). In *LaGuerre*, we held that a conviction under the same statutory provision for domestic battery in Illinois qualified as a crime of violence. *See id.* at 1039. Shehadeh now petitions for review of the Board's decision; we deny his petition.

In his sole argument on appeal, Shehadeh invites us to revisit *LaGuerre*. He contends that our earlier decision in *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003), requires us first to examine the minimum amount of force required under the statute before the conviction may be qualified as a crime of violence. He insists that we skipped this step in *LaGuerre*.

Shehadeh misunderstands our holding in *Flores*. In *Flores* we examined whether a "crime of domestic violence" under § 1227(a)(2)(E)(i) included a conviction for misdemeanor battery in Indiana. As we noted in *Flores*, and as the Supreme Court later directed in *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004), we assess whether an offense is a crime of violence by focusing on the elements of the crime, *see LaGuerre*, 526 F.3d at 1039; *Szucz-Toldy v. Gonzales*, 400 F.3d 978, 981 (7th Cir. 2005); *Flores*, 350 F.3d at 671, and ascertain whether the crime requires as an element the use of physical force, meaning "force . . . that is intended to cause bodily injury." *Flores*, 350 F.3d at 672; *see also Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). At the time he was convicted, the relevant portion of the domestic battery statute in Illinois prohibited "intentionally or knowingly . . . [c]aus[ing] bodily harm to any family or household member." 720 ILCS 5/12-3.2(a)(1) (2002). Because Shehadeh's domestic battery conviction requires the use of physical force, it qualifies as a crime of violence under 18 U.S.C. § 16(a). *See LaGuerre*, 526 F.3d at 1039 (citing *United States v. Upton*, 512 F.3d 394, 405 (7th Cir. 2008)). Although Shehadeh criticizes *LaGuerre* for not considering the quantum of force needed to violate the statute, we do not look beyond the elements of the crime unless it is divisible, meaning that the statute creates multiple crimes or specifies a variety of ways to commit a single offense, some of which contain the elements of a crime of violence, and some that do not. *See Szucz-Toldy*, 400 F.3d at 981; *Flores*, 350 F.3d at 670; *see also United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009). The portion of the domestic battery statute in Illinois at issue is not divisible.

DENIED.