# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-2807

JAIME A. DE LEON CASTELLANOS,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition to Review an Order of the
Board of Immigration Appeals.
No. A090-925-315

ARGUED NOVEMBER 10, 2010—DECIDED JULY 20, 2011

Before CUDAHY, MANION, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Jaime De Leon Castellanos, a lawful permanent resident, asks this court to review the denial of his application for cancellation of removal. At issue is whether his second conviction for domestic battery qualifies as a "crime of violence" under 18 U.S.C. § 16(a) and thus is an aggravated felony prohibiting him from applying for cancellation. We hold that it is and therefore deny the petition.

## I.  Background

The facts are straightforward: In 1981 De Leon left Guatemala for the United States and in 1988 became a lawful permanent resident (the Department of Homeland Security pegs the date as 1990). Since coming to the United States, De Leon has worked several jobs, married, and fathered three children. He also twice pleaded guilty to domestic battery. In Illinois domestic battery is committed by (1) intentionally causing bodily harm to any family or household member, 720 ILL. COMP. STAT. 5/12-3.2(a)(1); or (2) making physical contact of an insulting or provoking nature with any family or household member, *id.* § 5/12-3.2(a)(2). In 2004 De Leon pleaded guilty to the "insulting or provoking contact" form of domestic battery after he grabbed his wife by the neck, held a knife to her, struck her, and prevented her from calling the police. A year later in 2005, De Leon struck his wife and was convicted of a second domestic-battery charge, this time for causing bodily harm to a family member in violation of section 5/12-3.2(a)(1). Because of De Leon's prior domestic-battery conviction, this misdemeanor was upgraded to a felony, and he was sentenced to one year in prison. *See id.* § 5/12-3.2(b).

The Department of Homeland Security initiated removal (deportation) proceedings charging that De Leon was removable on a number of grounds: He had been convicted of two crimes involving moral turpitude, *see* 8 U.S.C. § 1227(a)(2)(A)(ii); he had committed an aggravated felony in the form of a crime of violence, *see id.* § 1227(a)(2)(A)(iii); and he had committed a crime of

domestic violence, *see id.* § 1227(a)(2)(E)(i). De Leon denied that he committed an aggravated felony or a crime of domestic violence, but conceded that he was removable as an alien convicted of two crimes involving moral turpitude. Although this concession effectively rendered De Leon removable, an otherwise removable alien who has been admitted as a permanent resident, as De Leon has, may seek cancellation of removal if the alien can show, among other things, that he has never been convicted of an aggravated felony. *Id.* § 1229b(a)(3). De Leon accordingly sought cancellation of removal because, in his view, he had not been not convicted of an aggravated felony.

An Immigration Judge disagreed, concluding that De Leon did not qualify for cancellation of removal because his 2005 domestic-battery conviction for intentionally causing bodily harm to his wife was a crime of violence under either 18 U.S.C. § 16(a) or (b) and therefore an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(f). The Board of Immigration Appeals agreed, but on a more limited basis; the Board determined that De Leon's conviction was a crime of violence under 18 U.S.C. § 16(a) because the crime involved "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." This question is the sole point of contention on appeal.

## II. Discussion

The Board did not adopt the Immigration Judge's findings, and thus, we review only the Board's determina-

tion that a conviction for domestic battery under 720 Ill. Comp. Stat. 5/12-3.2(a)(1) for intentionally causing bodily harm to a family member is a crime of violence under 18 U.S.C. § 16(a). *See Vahora v. Holder*, 626 F.3d 907, 912 (7th Cir. 2010). We have jurisdiction because the issue is a pure question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011).

De Leon argues that his 2005 domestic-battery conviction for causing bodily harm to a family member is not a crime of violence under 18 U.S.C. § 16(a) because the "use, attempted use, or threatened use of physical force" is not an element of this crime. To determine whether an offense qualifies as a crime of violence, we look to the statutory definition, not the specific facts of the crime. *See Sykes v. United States*, 131 S. Ct. 2267, 2272 (2011); *James v. United States*, 550 U.S. 192, 202 (2007). We have twice addressed whether domestic battery under section 5/12-3.2(a)(1) is a crime of violence under 18 U.S.C. § 16(a) and have held that it is. *See LaGuerre v. Mukasey*, 526 F.3d 1037, 1039 (7th Cir. 2008); *United States v. Upton*, 512 F.3d 394, 405 (7th Cir. 2008). In *LaGuerre* and *Upton*, we explained that section 5/12-3.2(a)(1) "unambiguously requires proving 'physical force': to sustain [a] conviction for domestic battery, the [S]tate had to prove that [the defendant] caused bodily harm, which means that it had as an element the use of physical force against the person of another." *Upton*, 512 F.3d at 45 (internal quotation marks and alterations omitted); *accord LaGuerre*, 526 F.3d at 1039. Similarly, we have recognized that causing bodily harm to a police officer (aggravated

battery, *see* 720 ILL. COMP. STAT. 5/12-4(b)(18)) is a crime of violence under U.S.S.G. § 2L1.2, which contains a similar definition of a crime of violence as that under 18 U.S.C. § 16. *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973-74 (7th Cir. 2010).

Is there cause to revisit these holdings? Challenging *LaGuerre* and *Upton*, as De Leon did in the first round of briefing, does not get very far in the face of stare decisis.

> [I]f the fact that a court considers one of its previous decisions to be incorrect is a sufficient ground for overruling it, then stare decisis is out the window, because no doctrine of deference to precedent is needed to induce a court to follow the precedents that it agrees with; a court has no incentive to over-rule them even if it is completely free to do so.

*Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582-83 (7th Cir. 2005); *see United States v. Mitchell,* 635 F.3d 990, 993 (7th Cir. 2011). Stare decisis "imparts authority to a decision, depending on the court that rendered it, merely by virtue of the authority of the rendering court and independently of the quality of its reasoning," and "the mere existence of certain decisions becomes a reason for adhering to their holdings in subsequent cases." *Tate,* 431 F.3d at 583 (internal quotation marks omitted); *accord United States v. Reyes-Hernandez*, 624 F.3d 405, 412 (7th Cir. 2010).

Accordingly, it would take compelling circumstances, or an intervening on-point Supreme Court decision, to disturb *LaGuerre* and *Upton*. *See United States v. Capler,* 636

F.3d 321, 324 (7th Cir. 2011); *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 915 (7th Cir. 2009). At oral argument we ordered supplemental briefing in light of the Supreme Court's decision in *Johnson v. United States,* 130 S. Ct. 1265 (2010), which held that a form of battery defined as intentionally touching another against his will is not a crime of violence under 18 U.S.C. § 924(e)(2)(B). The definition of a crime of violence in § 924(e) mirrors the language found in 18 U.S.C. § 16(a), and the statutes are interpreted in the same way. *See United States v. Gear*, 577 F.3d 810, 812 (7th Cir. 2009).

In supplemental briefing De Leon disclaims any reliance on *Johnson*, but we nevertheless take this opportunity to consider whether that decision requires us to reconsider *LaGuerre* and *Upton*; if *Johnson* controls, we are obviously bound to follow it. *See, e.g., Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989). We conclude that *Johnson* does not undermine *LaGuerre* and *Upton*.

In *Johnson* the Supreme Court interpreted a Florida statute that defined battery as "actually and intentionally" touching another against his will. *See* FLA. STAT. § 784.03(1)(a). The Court held that this form of battery was not categorically a crime of violence because it does not have as an element the use of physical force. *Johnson,* 130 S. Ct. at 1270. *Johnson* echoed our position in *Flores v. Ashcroft,* 350 F.3d 666, 669-70 (7th Cir. 2003), which held that battery under Indiana law for "touch[ing] . . . in a rude, insolent, or angry manner," IND. CODE § 35-42-2-1, was not a crime of violence under 18 U.S.C. § 16(a) because

a person could be convicted based on slight offensive physical contact, such as tossing a paper airplane that inflicts a paper cut or a snowball that causes minor pain. This, we said, "is hard to describe . . . as 'violence.'" *Flores*, 350 F.3d at 670.

*Flores* came before both *LaGuerre* and *Upton,* and yet it did not mandate a different outcome in those cases. That is because *Flores*—and *Johnson* for that matter— addressed a form of battery akin to physical contact of an insulting or provoking nature under Illinois law. *See* 720 ILL. COMP. STAT. § 5/12.3(a)(2). Battery under section 5/12.3(a)(2) may be offensive, but it does not require violent physical force as an element. *See United States v. Aviles-Solarzano*, 623 F.3d 470, 472 (7th Cir. 2010); *United States v. Evans*, 576 F.3d 766, 767-68 (7th Cir. 2009); *Garcia-Meza v. Mukasey*, 516 F.3d 535, 537 (7th Cir. 2008). For instance, one common way to violate section 5/12.3(a)(2) is by spitting on another. *See Alcorn v. Mitchell*, 63 Ill. 553 (Ill. 1872); *People v. Wrencher*, 929 N.E.2d 1124, 1135-36 (Ill. App. Ct. 2009) (spitting on police officer was physical contact of an insulting or provoking nature).

Here, in contrast, De Leon's relevant conviction was for intentionally causing bodily harm to his wife in violation of section 5/12.3(a)(1). Battery causing bodily harm entails physical force because "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent, is required" to convict. *People v. Mays,* 437 N.E.2d 633, 635-36 (Ill. 1982); *see People v. Kyles*, 708 N.E.2d 391, 401 (Ill. App. Ct. 1998).

The degree of injury has "a logical relation to the 'use of physical force' under § 16(a)." *Flores*, 350 F.3d at 669. *Johnson* held that so long as the force involved is "capable of causing physical pain or injury to another person,"—as battery under section 5/12.3(a)(1) requires—the "physical force" requirement of the crime-of-violence definition is satisfied. 130 S. Ct. at 1271. Intent is an element of battery as well. *People v. Phillips*, 911 N.E.2d 462, 478 (Ill. App. Ct. 2009); *People v. Lovelace*, 622 N.E.2d 859, 867 (Ill. App. Ct. 1993). In *Flores* we recognized that crimes of violence are those "intended to cause bodily injury." 350 F.3d at 672; *see also Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004) (stating that to "use" physical force under § 16(a) requires intent higher than negligent or accidental conduct).

De Leon argues that because bodily harm can result from "'intellectual force' like guile or deception," a bodily harm battery under section 5/12.3(a)(1) does not have as an element the use, threat, or attempted use of physical force. De Leon notes that a person could trick another into drinking poison and be found guilty of battery for causing bodily harm. Illinois courts have not had to consider whether guile or deception resulting in bodily harm is the equivalent of force; we note, however, that Illinois punishes poisoning in a separate statute. *See* 720 ILL. COMP. STAT. 5/12-4(c). Other courts have said that this kind of battery entails force:

> [A] battery is committed where one person ad-
> ministers a drug to another by inducing the other
> voluntarily to take the drug in the belief that he is

> taking some other substance, or by placing the drug in some otherwise harmless substance and inducing the other to take such substance without knowledge that it contains a drug. The deceit practiced in such a case by means of which the person is induced to take the drug, is a fraud on his will equivalent to force.

*Smith v. Smith*, 9 S.E.2d 584, 589-90 (S.C. 1940); *see also Commonwealth v. Gregory*, 1 A.2d 501, 505 (Pa. Super. Ct. 1938) (tricking patient to consent to medical examination was fraud on the will of the victim equivalent to force); *Carr v. State*, 34 N.E. 533, 534 (Ind. 1893) (inducing victim to take explosives by misrepresenting their dangerousness is battery as defendant sets in motion that which causes injury); *Commonwealth v. Stratton*, 114 Mass. 303, 305-06 (1873) (same). We see no reason to think Illinois would treat the matter differently.

Accordingly, *Johnson* does not call into question our earlier decisions in *LaGuerre* and *Upton*, and we follow them here. De Leon's conviction of domestic battery for causing bodily harm to his wife is a crime of violence, and he is therefore ineligible for cancellation of removal. The petition for review is DENIED.