NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011
Decided August 16, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1611

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 10-CR-40038-001-JPG |
| BRANDON D. BOLLING, <br> *Defendant-Appellant.* | J. Phil Gilbert, <br> *Judge.* |

## O R D E R

Brandon Bolling pleaded guilty to three counts of distributing small amounts of crack cocaine. *See* 21 U.S.C. § 841(a)(1). The government had filed a notice of enhancement based on three prior convictions for felony drug offenses, so Bolling faced a maximum sentence of 30 years on each count. *See id.* §§ 841(b)(1)(C), 851. Two of those drug convictions, and two more convictions for battery, also counted as predicates under the career-offender guideline, U.S.S.G. § 4B1.1, giving Bolling twice the number needed for that designation. Bolling objected to the application of § 4B1.1; he argued that this guideline lacks empirical support and should be disregarded. The district court rejected this contention and sentenced Bolling to 235 months' imprisonment, the high end of his guidelines range. Bolling filed a notice of appeal, but his appointed lawyer (who also represented him in the district court) seeks to withdraw on the ground that the case is

frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Bolling opposes counsel's motion, *see* CIR. R. 51(b), and has filed a motion asking us to appoint substitute counsel. We review only the potential issues identified in counsel's facially adequate brief and Bolling's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by considering whether Bolling could challenge the adequacy of the plea colloquy or the voluntariness of his guilty pleas. But Bolling has given no indication that he wants his guilty pleas set aside, so counsel should have omitted this discussion from her *Anders* submission. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Although counsel has not identified any potential issue concerning the application of the sentencing guidelines, Bolling proposes to argue that the district court erred in finding him to be a career offender under § 4B1.1. That designation, Bolling says in his Rule 51(b) response, "overrepresents the seriousness of his criminal history" because the prior convictions listed in the government's § 851 notice are for drug convictions, not crimes of violence. Bolling's concern—which is not the one he raised in the district court—has nothing to do with the *application* of § 4B1.1; district judges have discretion to impose a sentence outside the correctly calculated guidelines range, *United States v. Portman*, 599 F.3d 633, 636 (7th Cir. 2010), but a judge's unease about how a particular guideline will affect the defendant's imprisonment range is not a valid reason for disregarding that guideline when calculating the range, *see United States v. Corner*, 598 F.3d 411, 416 (7th Cir. 2010) (en banc).

And at any rate, Bolling is confused both about the requisites for a statutory enhancement versus the application of § 4B1.1, and about his own criminal history. The government did not list in its § 851 notice any conviction for a crime of violence because the recidivism enhancements in 21 U.S.C. § 841(b)(1) count only prior convictions for felony drug offenses, not convictions for crimes of violence. Section 4B1.1, in contrast, tallies convictions for *either* a crime of violence *or* a controlled substance offense, U.S.S.G. § 4B1.1(a)(3), so Bolling's two countable convictions for drug trafficking are enough to make him a career offender, *see id.* § 4B1.2(c). (The conduct underlying two of Bolling's three Illinois convictions for drug dealing occurred in 2003 when he was 17 years old. In both instances Bolling was convicted as an adult, but one of the convictions did not incur criminal-history points because he received probation. For the other offense Bolling was sentenced to 8 years' imprisonment, so that conviction counts toward his criminal-history score even though, as Bolling points out in his Rule 51(b) response, he was 17 when he committed the crime, not 18 as the probation officer mistakenly thought. *See id.* § 4A1.2(d).) Moreover, Bolling incurred two convictions for battery under Illinois law after striking one man with a baseball bat and a family member with his fist. *See* 720 ILCS 5/12-3.05(a), 5/12-3.2(a). Bolling never questioned the probation officer's characterization of these two

batteries as crimes of violence, nor did he object to the summaries of the charges in the presentence report. The district court was entitled to rely upon those summaries in deeming those convictions to be crimes of violence. *See De Leon Castellanos v. Holder*, — F.3d —, 2011 WL 3067948, at *2 (7th Cir. July 20, 2011); *United States v. Aviles-Solarzano*, 623 F.3d 470, 474-76 (7th Cir. 2010); *United States v. Humphreys*, 468 F.3d 1051, 1055 (7th Cir. 2006). The court adopted these paragraphs in the presentence report, so even if it mattered, Bolling does have prior convictions for crimes of violence.

Counsel and Bolling also assess whether an appellate claim could be raised about the reasonableness of Bolling's prison sentence. Counsel has concluded that such a challenge would be frivolous because the district court correctly calculated the guidelines range, treated the guidelines as advisory, evaluated Bolling's arguments in mitigation and the factors in 18 U.S.C. § 3553(a), and imposed a sentence within the guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009). Although Bolling asserts that the court treated the career-offender guideline as mandatory, which would be a "significant procedural error," *Gall*, 552 U.S. at 51; *see United States v. Martinez*, — F.3d —, 2011 WL 2410467, at *4 (7th Cir. June 16, 2011), the record belies that assertion; after noting the "advisory" nature of the guidelines, the court addressed Bolling's disagreement with § 4B1.1—that the guideline is not based on empirical research—but rejected that criticism as a reason for imposing a discretionary sentence below the range. Our decisions make clear that a district judge "is not required to 'delve into the history of a guideline' in order to satisfy himself that 'the process that produced it was adequate,'" *United States v. Garthus*, — F.3d —, 2011 WL 2725848, at *5 (7th Cir. July 14, 2011) (citation omitted), and is free to "espouse the penal philosophy reflected in the Guidelines," *United States v. Johnson*, 635 F.3d 983, 988 (7th Cir. 2011); *see United States v. Rollins*, 544 F.3d 820, 840 (7th Cir. 2008). It would be frivolous for Bolling to argue that the court's rejection of his objection to § 4B1.1 evidences a failure to appreciate the advisory nature of the sentencing guidelines.

Finally, Bolling's lawyer identifies ineffective assistance of counsel as a possible ground for appeal, but counsel does not single out any aspect of her performance in the district court as arguably deficient. As a general rule, a claim of ineffective assistance is best saved for collateral review, where it is possible to make a record of the reasons underlying counsel's choices and tactics. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). And if, as in this case, appellate counsel would have to contend that she herself was ineffective, the claim is especially inappropriate for direct appeal. *See United States v. Fuller*, 312 F.3d 287, 291 (7th Cir. 2002); *United States v. Martinez*, 169 F.3d 1049, 1052 (7th Cir. 1999).

Accordingly, we GRANT counsel's motion to withdraw. Bolling's motion for appointment of substitute counsel is DENIED, and the appeal is DISMISSED.