HELENE N. WHITE, Circuit Judge,
concurring.
I join in the majority opinion except with respect to Part VII.
Although I agree with the majority that Ohio’s aggravated assault and felonious assault (section (A)) offenses are violent felonies under the Armed Career Criminal Act (ACCA), I write separately because I do not agree that proof of serious physical harm necessarily requires proof that violent physical force was used. Nevertheless, because the offenses fall within the scope of the ACCA’s residual clause, I concur.
In order for a felony conviction to be classified as “violent” under the ACCA the offense must either:
(i) ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) [be] burglary, arson, or extortion, involve[ ] [the] use of explosives, or otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another.
18 U.S.C. § 924(e)(2)(B).
To satisfy the first prong of the ACCA (the force prong), the use, threatened use or attempted use of physical force must be an element of the offense. If any set of facts supports a conviction without proof of force, then force cannot be an “element— implicit or explicit — of the crime.” See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir.2004) (en banc).
In Johnson v. United States, — U.S. —, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), the Supreme Court explained the type of force necessary to satisfy the ACCA’s force prong:
The adjective “physical” is clear ... It plainly refers to force exerted by and through concrete bodies — distinguishing physical force from, for example, intellectual force or emotional force. It is the noun that poses the difficulty; “force” has a number of meanings.... In more general usage it means “[strength or energy; active power; *404 vigor; often an unusual degree of strength or energy,” “[p]ower to affect strongly in physical relations,” or “[pjower, violence, compulsion, or constraint exerted upon a person.”
We think it is clear that in the context of a statutory definition of “violent felony,” the phrase “physical force” means violent force — that is, force capable of causing physical pain or injury to another person.
Id. at 1270-71 (internal citations omitted).
The Johnson Court’s interpretation of “physical force” is a narrow one. First, the Court points out that the force at issue must be “physical.” Next, the Court emphasizes that the physical force used must be of a certain degree and “capable of causing physical pain or injury to another person.”
The majority concludes that when one has knowingly caused serious physical harm to another (the relevant element of the Ohio offenses), one necessarily has used force capable of causing physical pain or injury. Maj. Op. at 399-400. To be sure, serious physical injury most often results from physical force, but it can also occur in the absence of any force being used by the offender. For example, a person who surreptitiously poisons another, or removes the brakes from another’s car, causing serious physical injury would be guilty of the assault offenses at issue here. However, in both examples, the offense can be committed without ever coming into contact with the victim. Likewise, a parent who continues to feed his or her child a steady diet of junk food until the child suffers the heart damage that doctors promised has also knowingly caused serious physical harm without the use of violent physical force. In these examples, although the ultimate injury to the victim may involve violent force of some type, the offense itself would not involve the use, attempted use or threatened use of physical force.
The majority cites the Seventh Circuit’s decision in De Leon Castellanos v. Holder, 652 F.3d 762 (7th Cir.2011), in support of its holding. Maj. Op. at 400-01. In De Leon Castellanos, the defendant argued that “the use, attempted use, or threatened use of physical force,” was not an element of domestic battery in Illinois, which only required proof that the defendant “intentionally caus[ed] bodily harm to any family or household member.” Id. at 763 (citing 720 111. Comp. Stat. § 5/12— 3.2(a)(1)). The defendant claimed that serious bodily harm could result from nonphysical acts, such as poison through deception. In rejecting this argument, the Seventh Circuit held that “causing bodily harm entails physical force because some sort of physical pain or damage to the body ... is required to convict.” 652 F.3d 762, 764 (7th Cir.2011) (emphasis added). To support its position that non-physical acts such as deception are equivalent to “force,” the court relied on state court decisions issued between 1873 and 1940, id. at 766-67, for example, Commonwealth v. Gregory, 132 Pa.Super. 507, 1 A.2d 501 (1938), which held that tricking a patient to consent to a medical examination constituted the use of force. The De Leon Castellanos court never explained why battery committed through poison necessarily involves the use of violent force as contemplated by Johnson, except to cite cases holding that poisoning constitutes battery because fraud on the will of the victim is equivalent to force.[1] But, that is precisely the prob *405 lem; these cases hold that deception leading to serious injury constitutes battery even when the defendant uses a method that avoids the need to directly employ violent physical force.
At least two circuits have rejected such a broad interpretation of physical force. In Vargas-Duran, the Fifth Circuit sitting en banc held that “[tjhere is ... a difference between a defendant’s causation of an injury and the defendant’s use of force.” 356 F.3d at 606. As a result, the statute at issue, intoxication assault, which required proof of serious bodily injury, but not proof of force, was held not to be a crime of violence under the force prong of section 2L1.2 of the Sentencing Guidelines.[2]
In Chrzanoski v. Ashcroft, 327 F.3d 188 (2d Cir.2003), the Second Circuit addressed Connecticut’s third-degree assault statute, which allows for conviction when a person: “(1) with intent to cause physical injury to another person ... causes such injury to such person or to a third person[.]” Id. at 192 (citing Conn. Gen.Stat. § 53a-61(a)). The Court rejected the government’s argument “that force is implicit in the statute’s requirement of the intentional causation of physical injury,” id. at 193, and found that “while there are undoubtedly many ways in which force could be used to commit third degree assault under Connecticut law, the plain language of the statute does not make use of force an explicit or implicit element of the crime,” id. at 196.
The majority concludes these cases have limited relevance because they were decided before Johnson. Maj. Op. at 400 n. 4. But Johnson only makes the holding in these cases stronger; nothing in these cases is inconsistent with Johnson. Nor *406 does this Court’s decision in United States v. Gloss, 661 F.3d 317 (6th Cir.2011), support the majority’s holding here. Gloss’s statement that “any robbery accomplished with a real or disguised deadly weapon, or that causes serious bodily injury, falls under the first clause of the definition of violent felony, as it necessarily involves ‘the use, attempted use, or threatened use of physical force against the person of another’ ” id. at 319, must be understood in the context of the robbery offense, which requires the taking of property from the person of another by violence or putting in fear, Tenn.Code Ann. § 39-13^101. “The ‘fear’ referred to in the statute is a ‘fear of “bodily danger or impending peril to the person,” which intimidates and promotes submission to the theft of the property.’” State v. Dotson, 254 S.W.3d 378, 396 (Tenn.2008) (quoting State v. Bowles, 52 S.W.3d 69, 80 (Tenn.2001)). This taking from the person by use of violence or putting in fear of bodily danger or impending peril to the person, coupled with the use of a deadly weapon or serious bodily injury, necessarily involves the use or threatened use of violent force.
For these reasons, I cannot agree that the offenses at issue are violent felonies under the force prong of the ACCA.
Nonetheless, I agree that the offenses at issue are violent felonies under the ACCA’s residual clause. A conviction under Ohio’s aggravated assault statute requires proof that a defendant knowingly “[c]ause[d] serious physical harm to another or to another’s unborn” or “[c]ause[d] or attempted] to cause physical harm to another or another’s unborn by means of a deadly weapon or dangerous ordnance.” Ohio Rev.Code Ann. § 2903.12(A). Such conduct indisputably presents a “serious potential risk of physical injury to another.” See 18 U.S.C. § 924(e)(2)(B)(ii). The same can be said of section A of Ohio’s felonious-assault statute, which has identical language to the aggravated-assault statute but does not contain the mitigating element of provocation. See State v. Deem, 40 Ohio St.3d 205, 533 N.E.2d 294, 299 (1988). Further, these offenses involve the type of purposeful, violent and aggressive conduct required by Begay v. United States, 553 U.S. 137, 144-45, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).
Accordingly, I concur.

. I quote the entirety of the De Leon Castellanos discussion of the issue:
De Leon argues that because bodily harm can result from " 'intellectual force’ like guile or deception,” a bodily harm battery *405 under section 5/12-3.2(a)(l) does not have as an element the use, threat, or attempted use of physical force. De Leon notes that a person could trick another into drinking poison and be found guilty of battery for causing bodily harm. Illinois courts have not had to consider whether guile or deception resulting in bodily harm is the equivalent of force; we note, however, that Illinois punishes poisoning in a separate statute. See 720 111. Comp. Stat. 5/12-4(c). Other courts have said that this kind of battery entails force:
[A] battery is committed where one person administers a drug to another by inducing the other voluntarily to take the drug in the belief that he is taking some other substance, or by placing the drug in some otherwise harmless substance and inducing the other to take such substance without knowledge that it contains a drug. The deceit practiced in such a case by means of which the person is induced to take the drug, is a fraud on his will equivalent to force.
Smith v. Smith, 194 S.C. 247, 9 S.E.2d 584, 589-90 (1940); see also Commonwealth v. Gregory, 132 Pa.Super. 507, 1 A.2d 501, 505 (1938) (tricking patient to consent to medical examination was fraud on the will of the victim equivalent to force); Carr v. State, 135 Ind. 1, 34 N.E. 533, 534 (1893) (inducing victim to take explosives by misrepresenting their dangerousness is battery as defendant sets in motion that which causes injury); Commonwealth v. Stratton, 114 Mass. 303, 305-06 (1873) (same). We see no reason to think Illinois would treat the matter differently.
Accordingly, Johnson does not call into question our earlier decisions in LaGuerre [v. Mukasey, 526 F.3d 1037 (7th Cir.2008)] and [United States v.] Upton [512 F.3d 394 (7th Cir.2008) ], and we follow them here. De Leon’s conviction of domestic battery for causing bodily harm to his wife is a crime of violence, and he is therefore ineligible for cancellation of removal. The petition for review is DENIED.

. "Given the similarity between the ACCA's definition of "violent felony” and the definition of "crime of violence” contained in the pertinent Guidelines provision, courts, including this one, have taken the position that authority interpreting one phrase is generally persuasive when interpreting the other.” United States v. Vanhook, 640 F.3d 706, 712 n. 4 (6th Cir.2011).