In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2728

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CLINTON W. WATERS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 14-CR-40083 — **Staci M. Yandle**, *Judge.*

ARGUED APRIL 27, 2016 — DECIDED MAY 24, 2016

Before FLAUM, MANION, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* Clinton Waters cooked methamphet-
amine at locations throughout southern Illinois and taught
others to do the same. He eventually was caught and pled
guilty to conspiring to manufacture a controlled substance in
violation of 21 U.S.C. §§ 846, 841(a)(1). Waters had several
prior convictions, including for enhanced domestic battery in

violation of Illinois law, which the probation office character-
ized as a crime of violence in the presentence investigation re-
port ("PSR"). The district court overruled Waters's challenge
to that characterization and sentenced him as a career of-
fender. Waters renews his challenge on appeal, arguing that
the Illinois statute prohibiting domestic battery does not in-
clude the use of physical force as an element of the offense
and thus, is not a crime of violence. Because Circuit precedent
forecloses this argument and Waters does not provide a per-
suasive reason for overturning it, we affirm.

## I. BACKGROUND

After Waters pled guilty to conspiring to manufacture a
controlled substance, the PSR recommended that he be sen-
tenced as a career offender. A defendant can be sentenced as
a career offender if he has two or more previous felony con-
victions for a crime of violence. U.S.S.G. § 4B1.1(a). A crime of
violence is defined as any state or federal offense punishable
by more than one year in prison that "has as an element the
use, attempted use, or threatened use of physical force against
the person of another … ." § 4B1.2(a)(1). The PSR's recom-
mendation was based on two convictions: (1) the Illinois con-
viction for enhanced domestic battery, 720 Ill. Comp. Stat. §
5/12-3.2, and (2) a federal conviction for conspiracy to manu-
facture methamphetamine, 21 U.S.C. §§ 846, 841(a)(1). *See*
§ 4B1.1(a).

Enhanced domestic battery is simply a domestic battery
committed after a previous conviction for that same crime
and it is classified as a felony rather than a misdemeanor. *See*

§ 5/12-3.2(b);[1] *People v. White*, 46 N.E.3d 889, 899 (Ill. App. Ct. 2015). At sentencing, Waters objected to characterizing the enhanced domestic battery offense as a felony crime of violence because the underlying conduct would have been only a misdemeanor if not for his previous conviction for domestic battery. *See* § 5/12-3.2(b). He emphasized that he had not been charged with aggravated domestic battery, which always is a felony under Illinois law. *See* § 5/12-3.3.

The district judge rejected Waters's argument, agreeing with the government that enhanced domestic battery is both a crime of violence and a felony. The court reasoned that, no matter how Illinois classifies a first conviction for domestic battery, Waters was convicted of enhanced domestic battery, which is a felony. The court sentenced Waters to 188 months in prison (the high end of the guidelines range) and three years of supervised release.[2]

## II. DISCUSSION

On appeal, Waters has abandoned his argument that enhanced domestic battery cannot be a felony crime of violence because a first offense is a misdemeanor. He instead argues that enhanced domestic battery is not a crime of violence under § 4B1.2(a)(1) because the statute does not include the use, attempted use, or threatened use of physical force as an element of the crime. He further contends that the classification

---

[1] 720 Ill. Comp. Stat. 5/12-3.2 provides that "[a] person commits domestic battery if he or she knowingly without legal justification by any means: … causes bodily harm to any family or household member … ."

[2] The designation as a career offender added twelve levels to Waters's offense level, which yielded an imprisonment range of 151 to 188 months when combined with his Category VI criminal history.

cannot be salvaged under the guidelines' residual clause given the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

As Waters acknowledges, this Court has already rejected his argument about the elements of § 5/12-3.2(a)(1), concluding that a conviction for domestic battery under Illinois law necessarily requires proving physical force. *See De Leon Castellanos v. Holder*, 652 F.3d 762, 764–65 (7th Cir. 2011) (reaffirming that domestic battery under § 5/12-3.2(a)(1) is a crime of violence under 18 U.S.C. § 16(a)); *LaGuerre v. Mukasey*, 526 F.3d 1037, 1039 (7th Cir. 2008) (holding that a felony conviction under § 5/12-3.2(a)(1) is a crime of violence under § 16(a)); *United States v. Upton,* 512 F.3d 394, 405 (7th Cir. 2008) (holding that felony convictions for domestic battery under § 5/12-3.2(a)(1) "clearly qualify" as "violent felon[ies]" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), because proving intentional causation of bodily harm "unambiguously requires proving physical force" (internal quotation marks omitted)).

Waters has not persuaded us that this precedent should be overturned. *See De Leon Castellanos,* 652 F.3d at 765 (noting that "it would take compelling circumstances, or an intervening on-point Supreme Court decision" to disturb our case law holding that domestic battery is a crime of violence). He argues that the Second, Fourth, Fifth, and Tenth circuits all have taken the opposite approach, concluding that similar statutes requiring intent or a threat to cause bodily harm do *not* include an element of force. *See United States v. Torres-Miguel*, 701 F.3d 165, 168–69 (4th Cir. 2012); *United States v. Cruz-Rodriguez*, 625 F.3d 274, 276–77 (5th Cir. 2010); *United States v. Perez-Vargas*, 414 F.3d 1282, 1287 (10th Cir. 2005); *Chrzanoski v.*

*Ashcroft*, 327 F.3d 188, 195–97 (2d Cir. 2003). But two of the four decisions cited by Waters are distinguishable. In *Cruz-Rodriguez*, the Fifth Circuit held that a California statute criminalizing "terroristic threats," a far different crime than battery, did not define a crime of violence. 625 F.3d at 276. In fact, the court determined that "willful infliction of corporal injury is a crime of violence … ." *Id.* And in *Perez-Vargas*, the Tenth Circuit dealt with an indivisible Colorado assault statute that, unlike the Illinois domestic battery statute requiring *intentional* infliction of bodily harm, penalized the causation of bodily harm either knowingly, recklessly, or by the criminally negligent handling of a deadly weapon. 414 F.3d at 1285–86. The Colorado statute also included mental impairment in the definition of bodily injury. *Id.* at 1285. Because under the statute, an assault need not involve the use or threatened use of physical force, the Tenth Circuit concluded that it is not a crime of violence. *Id.* at 1285–86.

Therefore, only two of the decisions cited by Waters are conflicting. And only one of those was decided after 2011, when this Court reaffirmed that domestic battery is a crime of violence in *De Leon Castellanos*, 652 F.3d at 764–65. Since that time, only the Fourth Circuit and the First Circuit (the latter of which was overlooked by Waters) have endorsed Waters's position, while the Eighth Circuit has adopted this Circuit's view. *Compare United States v. Rice*, 813 F.3d 704, 705–06 (8th Cir. 2016), *with Whyte v. Lynch,* 807 F.3d 463, 471 (1st Cir. 2015), *and Torres-Miguel*, 701 F.3d at 168–69. Nonetheless, the existence of a circuit split is not a reason, on its own, to overturn precedent. *See United States v. Walton*, 255 F.3d 437, 444 (7th Cir. 2001).

Importantly, no intervening Supreme Court decision justifies a different result. We have already determined that the Supreme Court's opinion in *Johnson v. United States*, 559 U.S. 133 (2010), does not compel a different understanding of the Illinois domestic battery statute. *See De Leon Castellanos*, 652 F.3d at 766. *Johnson* holds that a Florida statute defining battery as "actually and intentionally" touching a person against their will does not have as an element the use of physical force because the battery could be based on "*any* intentional physical contact, no matter how slight." 559 U.S. at 138 (citation and internal quotation marks omitted). In *De Leon Castellanos*, we distinguished the Florida statute at issue in *Johnson* because the force necessary to violate the Illinois statute exceeded that of the Florida standard. 652 F.3d 765–66. As explained by the Supreme Court of Illinois, the bodily harm element of the Illinois statute necessitates "some sort of physical pain or damage to the body, like lacerations, bruises or abrasions, whether temporary or permanent … ." *People v. Mays*, 437 N.E.2d 633, 635–36 (Ill. 1982).

Waters insists that there are many ways in which a person can cause injury to another person in violation of the domestic battery statute without using or threatening physical force, including by poisoning or withholding medicine. But in *De Leon Castellanos*, we assumed that poisoning qualified as the use of force under Illinois law, 652 F.3d at 766–67, and the U.S. Supreme Court recently confirmed that "the act of employing poison knowingly as a device to cause physical harm" is a use of force, *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) (interpreting 18 U.S.C. § 922(g)(9)). Likewise, withholding medicine causes physical harm, albeit indirectly, and thus qualifies as the use of force under *Castleman. See id.*

Waters also argues that the residual clause of § 4B1.2(a)(2), which classifies as a crime of violence an offense lacking an element of physical force if that offense "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. Waters points out that the Supreme Court recently invalidated the residual clause in the Armed Career Criminal Act (which is identical to the residual clause in the guidelines definition) because it is impermissibly vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). But because we affirm the district court's decision that Waters was a career offender under § 4B1.2(a)(1), Waters's argument about the residual clause is not relevant.

### III. CONCLUSION

Because Waters has offered no compelling reason to overturn this Court's precedent, we AFFIRM.