**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017[*]
Decided February 23, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1280

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> JAMAR BAILEY, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13 CR 645-1 <br><br> Virginia M. Kendall, <br> *Judge*. |

**O R D E R**

Jamar Bailey pleaded guilty to distributing heroin, 21 U.S.C. § 841(a)(1), and was sentenced to 120 months' imprisonment as a career offender, see U.S.S.G. § 4B1.1. In this direct appeal, he argues that he is not a career offender because, he says, his Illinois convictions for aggravated battery are not crimes of violence for purposes of the career offender guideline. We reject this contention and affirm Bailey's sentence.

---

[*] We have agreed to decide this case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

Bailey sold 9.9 grams of heroin to an informant. The probation officer identified three prior convictions making Bailey a career offender (though only two qualifying convictions are necessary, see U.S.S.G. § 4B1.1(a)). Two of those convictions are Illinois felony convictions for aggravated battery, 720 ILCS 5/12-4(a) (1998) (currently codified as amended at 720 ILCS 5/12-3.05). In his plea agreement Bailey stipulated that these battery convictions are for crimes of violence, and at sentencing the district court adopted the probation officer's finding that Bailey is a career offender. The court calculated an imprisonment range of 151 to 188 months based on Bailey's status as a career offender. The court sentenced Bailey below that range, however, reasoning that the guidelines range was too high for someone Bailey's age, then 36.

With new counsel on appeal, Bailey ignores the concession in his plea agreement and argues for the first time that aggravated battery under § 5/12-4(a) is not a "crime of violence" as defined by U.S.S.G. § 4B2.1(a)(1). The Supreme Court in *Johnson v. United States* interpreted "physical force" as used in the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(i), to mean violent force, "that is, force capable of causing physical pain or injury." 599 U.S. 133, 140–42 (2010). We subsequently applied *Johnson* to conclude that the residual clause in § 4B1.2 is unconstitutionally vague, see *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016), a question now pending before the Supreme Court in *Beckles v. United States*, No. 15-8544. The Illinois statute penalizes the commission of a battery that "causes great bodily harm" or permanent injury, and Bailey contends that a battery resulting in "great bodily harm" can be committed without using force. The government responds to the merits of this argument, even though it would seem to be waived by Bailey's contrary stipulation in his plea agreement. See *United States v. Hible*, 700 F.3d 958, 962 (7th Cir. 2012) (observing that defendant who agreed to total offense level calculated by probation officer waived argument that his sentence should have been calculated consistent with Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372); *United States v. Harris*, 230 F.3d 1054, 1058–59 (7th Cir. 2000) (concluding that defendant's stipulation waived argument that he should receive guidelines downward adjustment).

We already have concluded that the phrase "causes bodily harm" in the Illinois statutes defining battery and domestic battery means force that would satisfy *Johnson*'s requirement of violent physical force. *De Leon Castellanos v. Holder*, 652 F.3d 762, 766–67 (7th Cir. 2011) (discussing domestic battery under 720 ILCS 5/12-3.2); *United States v. Rodriguez-Gomez*, 608 F.3d 969, 973–74 (7th Cir. 2010) (discussing battery under 720 ILCS 5/12-3(a)(i)); see *United States v. Waters*, 823 F.3d 1062, 1065 (7th Cir.), *cert. denied*, 137 S.Ct. 569 (2016) (declining to overturn *De Leon Castellanos*). Bailey does not identify

any legal development that would justify overturning these decisions, in particular where, as here, our review is for plain error. See *United States v. Ikegwuonu*, 826 F.3d 408, 410 (7th Cir. 2016) (observing that the court will not overturn precedent "absent compelling reasons"). Indeed, all three opinions conclude that "bodily harm" alone denotes violent physical force, while aggravated battery under § 5/12-4(a) requires evidence of "*great* bodily harm." See *Illinois v. Mandarino*, 994 N.E.2d 138, 172 (Ill. App. Ct. 2013) (stating that aggravated battery requires injury "of a greater and more serious nature" than "simple battery"). Bailey glosses over this heightened element of harm.

AFFIRMED.