# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2083

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| | * | District of Missouri. |
| Theodore Tiger, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2000
Filed: August 18, 2000

_____

Before RICHARD S. ARNOLD and HEANEY, Circuit Judges, and
    MAGNUSON,[1] District Judge.

_____

MAGNUSON, District Judge.

Theodore Tiger, Jr. appeals his sentence and conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He contends that the District Court erred in calculating his criminal history score and in excluding certain evidence. For the reasons stated below, we dismiss his appeal.

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

## I. BACKGROUND

On the evening of January 9, 1997, Kansas City police officer Wesley Williams ("Williams") arrived at Appellant Theodore Tiger Jr.'s ("Tiger") residence in order to make an undercover narcotics purchase. Tiger greeted Williams at the door with a shotgun, which he pointed directly at Williams's head. As Williams backed away from the gun, Tiger accused him of being a bondsman and demanded that he leave the premises. Immediately thereafter, backup officers approached the house, drew their weapons, and ordered Tiger to drop the shotgun. In response, Tiger retreated into the house with a female companion who had arrived during the brief standoff. He then turned off all of the house lights and placed several 911 calls. Tiger eventually exited the house without incident and was arrested. A police search of the house uncovered a shotgun hidden under a trap door and a 9 mm pistol hidden in a hollow lamp.

As a felon in possession of firearms, Tiger was indicted under 18 U.S.C. § 922(g)(1). A jury convicted him on October 29, 1999, following a two-day trial. On April 9, 1999, the District Court[2] sentenced him to 120 months imprisonment and three years supervised release. Tiger now appeals his sentence and conviction, arguing that the District Court erred in calculating his criminal history score and in refusing to allow a transcript of the 911 calls into evidence.

## II. DISCUSSION

Tiger first argues that the District Court erred in adding one point to his criminal history score for driving a motorcycle without being authorized to do so. The District Court reasoned that the conviction was akin to driving without a license, which is counted in calculating criminal history points under U.S.S.G. § 4A1.2(c)(1). Tiger

---

[2] The Honorable D. Brook Bartlett, now deceased, Chief United States District Judge for the Western District of Missouri.

insists, however, that his misdemeanor conviction amounted to no more than a minor traffic infraction, which is not considered for criminal history purposes. See § 4A1.2(c)(2). With or without the excluded point, it is clear that Tiger's criminal past places him firmly within Criminal History Category VI. See U.S.S.G. Ch.5, Pt.A (sentencing table). Thus, the applicable guideline range urged by Tiger is no different than that contemplated by the District Court. The Government argues that under such circumstances an appeal is foreclosed because any error by the District Court would be considered harmless. Tiger does not dispute that the guideline range would be unchanged if he were to win on appeal. However, he argues that the issue is reviewable–and his sentence appropriate for remand–because the District Court did not expressly state that it would have imposed the same sentence if incorrect about the disputed point.

If this case involved two overlapping guideline ranges, Tiger's argument would be more persuasive. See United States v. Simpkins, 953 F.2d 443, 446 (8th Cir. 1992) (requiring remand where there are two possible overlapping guideline ranges and it is not clear that the sentencing court would have imposed the same sentence regardless of whether the defendant's argument for a lower guideline range ultimately prevailed). However, the guideline range urged by Tiger is exactly the same as that used by the District Court in determining Tiger's sentence. As such, there is no real concern that his sentence would have been different absent the alleged mistake. Moreover, statements made by the District Court at sentencing lead us to comfortably conclude that Tiger's sentence would have been the same had the disputed point been excluded. Most notably, immediately before imposing sentence the District Court commented that,

> I've listened very carefully for factors pointing to the most lenient
> sentence that I can impose and I don't see, Mr. Tiger, that you've
> come to the recognition that the life of crime that you've led is not
> the life you want to continue to lead, and in that case the safest place
> for you and for your own well-being and for the well-being of others

is to be incarcerated somewhere for as long as I can lawfully incarcerate you.

(Sent. Tr. Vol. II at 86.) Given the certainty and force with which this statement was made, it would be a stretch to conclude that Tiger's sentence would have been different absent consideration of the motorcycle conviction. Instead, we are satisfied that if error occurred, it was harmless. Tiger's appeal with respect to this issue is accordingly dismissed.

Tiger also argues that the District Court erred in excluding the transcript of the 911 calls he placed on the night in question. He contends that the transcript would have advanced his theory of self-defense, which he now claims was his primary defense at trial. In response, the Government argues that Tiger never formally sought to introduce the 911 transcript, and that even if it had been offered and excluded, the District Court's ruling was reasonable under the circumstances.

"A ruling on admissibility will not be reversed on appeal absent a clear and prejudicial abuse of discretion." United States v. Looking, 156 F.3d 803, 811 (8th Cir. 1998). Of course, in order to determine whether an abuse of discretion occurred, there must have been a ruling as to the admissibility of the evidence in question. The parties in this case disagree as to whether there was a such a ruling with respect to the admissibility of the 911 transcript. A review of the trial transcript definitively settles the debate.

As a threshold matter, it should first be noted that the transcript itself was never offered into evidence. Instead, the issue of the admissibility of the content of the 911 transcript arose when the Government objected to defense counsel's attempt to elicit specific details of the 911 calls from the 911 operator. (See Trial Tr. III at 438.) Nevertheless, because the purposes for introducing the transcript and the 911 operator's testimony are essentially identical–to advance Tiger's theory of self-

defense–we will deem any discussions regarding the admissibility of the 911 operator's proposed testimony to have concerned the admissibility of the transcript.

Based on our review of the trial transcript, we conclude that the District Court never expressly sustained or overruled the Government's objection to the evidence in question. (See id. at 439-46.) There was, however, an extensive side-bar discussion of the particular use of the evidence in light of Tiger's originally presented–and irreconcilable–defense, that he pointed a walking stick rather than a shotgun at Williams. (See id. at 440-41.) During side-bar, the court also broached the larger issue of whether self-defense is in fact a proper defense to a felon in possession charge:

> All I'm wrestling with right now is whether, even if the jury believed he was defending himself, whether that's a defense to this charge. And I mean, I just need to have some authority for it. Otherwise it seems to me it's irrelevant. . . . So . . . I'm going to sustain the objection unless you have some authority that says that self-defense is an excuse for possessing a firearm.

(Id. at 444.) In response, defense counsel wavered:

> Well, I really didn't want to get into the self-defense because we're trying to push ourselves totally away from the fact that the guns were in his possession. As a matter of fact, one of my arguments was going to be that there's a possibility that they could have been planted in his house.

(Id. at 444-45.) It appears, then, that the points raised by the court during side-bar reinforced defense counsel's initial inclination not to proceed with the theory of self-defense. During a subsequent discussion, defense counsel definitively ended any remaining speculation regarding the matter:

> The Court: And if you're, if what you're telling me is that it's too risky a theory because of its conflicts with your primary theory and, therefore, there

|               |                                                              |
|---------------|--------------------------------------------------------------|
|               | wouldn't be any evidence presented to the jury to support it, then that's fine.  I mean, personally, I think that's a very reasonable position to take.  And it may well be in your client's best interest.  And I just want to be sure that I understand what's going on. |
| Mr. Stapleton: | I see.                                                      |
| The Court:    | So that is it.  You would not want to present evidence on that theory because of its conflict with your primary theory, which is that your client never had a gun on that night. |
| Mr. Stapleton: | Right.  Yes.                                                |

(Id. at 467.)  As the foregoing exchange makes clear, there was no ruling with respect to the 911 transcript.  Instead, defense counsel withdrew that evidence from consideration.  Because there is no ruling to review, we dismiss Tiger's appeal.

## III.   CONCLUSION

For the foregoing reasons we find that neither Tiger's conviction nor his sentence may be reviewed on appeal.  Tiger's appeal is accordingly dismissed.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.


-6-