# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2130

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Julio Oviedo, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 31, 2001
Filed: November 6, 2001

_____

Before LOKEN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Julio Oviedo pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 292 months imprisonment and five years supervised release. On appeal, Oviedo's attorney has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967). Oviedo has filed a pro se supplemental brief. We affirm Oviedo's conviction and sentence.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

Counsel argues that Oviedo did not admit to each element of a conspiracy, but the plea transcript amply supports a factual basis for the plea. See United States v. Rodgers, 18 F.3d 1425, 1428-29 (8th Cir. 1994). In his pro se submission, Oviedo argues that the district court improperly awarded him criminal history points for being on probation when he committed the instant offense, imposing a two-level enhancement for possessing a gun, and holding him responsible for fifteen or more kilograms of methamphetamine.

We reject these arguments: (1) because Oviedo's criminal history category would be the same without the two challenged criminal history points, any error would be harmless, see United States v. Tiger, 223 F.3d 811, 812-13 (8th Cir. 2000), and in any event his challenge is completely unfounded; (2) the district court did not, in fact, assess any gun-possession enhancement; and (3) not only did Oviedo stipulate to the drug quantity he now challenges, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who voluntarily exposes himself to specific sentence may not challenge that punishment on appeal), but the assessed drug quantity is well supported in the presentence report, which Oviedo did not challenge, see United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court may accept as true all factual allegations contained in PSR that are not specifically objected to by parties).

Finally, any claim by Oviedo asserting ineffective assistance of counsel should be raised in a postconviction proceeding. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). Having found no other nonfrivolous issues for appeal upon our independent review pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.