In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 17-1725

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

OMARR D.TEAGUE,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:16-cr-30079 — **Staci M. Yandle**, *Judge.*

---

ARGUED DECEMBER 8, 2017 — DECIDED MARCH 8, 2018

---

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN, *District Judge*.[*]

KANNE, *Circuit Judge*. Prior convictions for crimes of violence subject a defendant to a higher base offense level under the federal Sentencing Guidelines. Because the district court

---

[*] The Honorable Thomas M. Durkin, United States District Court for the Northern District of Illinois, sitting by designation.

below erroneously concluded that the offense of second degree murder under Illinois law is not a crime of violence, we reverse.

## I.    BACKGROUND

Omarr Teague pled guilty to possession of a weapon by a felon. In a Presentence Investigation Report, the United States Probation Department assigned a base offense level of 14. The government objected, claiming the base level should be 20 because Teague had previously been convicted of a crime of violence, namely second degree murder under Illinois law. At the sentencing hearing, the district court overruled the government's objection, concluding second degree murder as defined in Illinois law is not a crime of violence because it is not limited to intentional murder. Based on this conclusion, the court found that the total offense level was 15, that Teague had a category II criminal history, and therefore that the applicable Guideline range was 21–27 months' imprisonment. The court sentenced Teague to a term of 21 months' imprisonment, a two-year term of supervised release, a $150 fine, and a $100 special assessment. The government appeals, challenging only the district court's conclusion that second degree murder under Illinois law is a crime of violence.

## II.    ANALYSIS

The Sentencing Guidelines provide that if a defendant convicted of being a felon in possession of a firearm committed any part of the offense subsequent to sustaining a felony conviction for a crime of violence, the base offense level should be 20. U.S.S.G. § 2K2.1(a)(4)(A). The Guidelines define "crime of violence" as:

> "any offense under federal or state law punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

U.S.S.G. § 4B1.2. The first clause is referred to as the "elements clause" and the second is known as the "enumerated offenses" clause. *See Brown v. Caraway*, 719 F.3d 583, 589 (7th Cir. 2013).

On appeal, the government contends that the Illinois offense of second degree murder is a crime of violence under both prongs, and that the district court's erroneous interpretation of the Illinois statute led to an improperly computed Guideline range. A sentence based on an improperly computed Guideline range must be vacated and remanded unless "the sentencing court firmly indicated that it would impose the same sentence regardless of any sentencing error." *United States v. Zahurksy*, 580 F.3d 515, 528 (7th Cir. 2009). The district court made no such indication in this case. So Teague must be resentenced if his second degree murder conviction qualifies as a crime of violence. Our review of this issue is *de novo*. *United States v. Edwards*, 836 F.3d 831, 834 (7th Cir. 2016).

### A. Elements Clause

To be a crime of violence, the offense must have as an element the intentional or knowing use, attempted use, or threat-

ened use of physical force against the person of another. "'El-
ements' are the 'constituent parts' of a crime's legal defini-
tion—the things the 'prosecution must prove to sustain a con-
viction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)
(quoting Black's Law Dictionary 634 (10th ed. 2014)). To sus-
tain a second degree murder conviction under Illinois law, the
prosecution must prove that the defendant "commit[ed] the
offense of first degree murder" plus one of the following mit-
igating factors:

> "(1) at the time of the killing he is acting under a sud-
> den and intense passion resulting from serious
> provocation by the individual killed or another
> whom the offender endeavors to kill, but he negli-
> gently or accidentally causes the death of the indi-
> vidual killed; or (2) at the time of the killing he be-
> lieves the circumstances to be such that, if they ex-
> isted, would justify or exonerate the killing under
> the principles stated in Article 7 of this Code, but his
> belief is unreasonable."

720 Ill. Comp. Stat. 5/9-2 (2001).

A person commits the Illinois offense of first degree mur-
der when he:

> "kills an individual without lawful justifica-
> tion … [and] in performing the acts which cause the
> death: (1) he either intends to kill or do great bodily
> harm to that individual or another, or knows that
> such acts of will cause death to that individual or an-
> other; or (2) he knows that such acts create a strong
> probability of death or great bodily harm to that in-
> dividual or another; or (3) he is attempting or com-
> mitting a forcible felony other than second degree
> murder."

720 Ill. Comp. Stat. 5/9-1 (2001).

The district court focused on the language "negligently or accidentally causes the death of the individual killed" in the second degree murder statute to conclude that the offense did not include as an element the intentional or knowing use of force. But this language only refers to situations in which a person has the intent to kill one person but his actions result in the death of another. This is still intentional murder. *See People v. Thompson*, 730 N.E.2d 118, 123 (Ill. App. Ct. 2000) ("Under the doctrine of transferred intent, if a defendant shoots at one person, with the intent to kill, but kills an unintended victim, he may be convicted of the crime of murder for the death of the unintended victim."). The second degree murder statute incorporates the intentional or knowing use of force element from the first degree murder statute. Because an offender cannot be convicted of second degree murder without the government proving beyond a reasonable doubt that the offender acted with the intent or knowledge that their actions would cause the death of another, the offense is a crime of violence under the elements clause.

### B. *Enumerated Offenses Clause*

Second degree murder under Illinois law is also a crime of violence under the enumerated offenses clause. To determine whether an offense is a crime of violence under this clause, the court looks to whether the charged offense fits within the generic definition of one of the enumerated offenses. The government contends the offense fits within the generic definitions of murder or voluntary manslaughter.

"Voluntary manslaughter in most jurisdictions consists of an intentional homicide committed under extenuating circumstances which mitigate, though they do not justify or excuse, the killing." 2 Subst. Crim. L. § 15.2 (3d ed.). The Model Penal Code defines manslaughter as criminal homicide "committed recklessly" or "a homicide which would otherwise be murder … committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse." Model Penal Code § 210.3.

The Illinois offense of second degree murder fits squarely within these generic definitions of manslaughter. This is consistent with the history of the Illinois statute. In 1986, Illinois restructured its criminal code and the offense of "voluntary manslaughter" was renamed "second degree murder." Ill. Pub. Act 84-1450, eff. July 1, 1987. The language of the elements were modified somewhat but the core offense remained the same—"murder plus mitigation." *See id.* So we conclude the offense of second degree murder under Illinois law fits within the definition of manslaughter, and thus is a crime of violence under the enumerated offenses clause.

### III.   CONCLUSION

Second degree murder under Illinois law qualifies as a crime of violence under both prongs of section 4B1.2 of the U.S. Sentencing Guidelines. Therefore, the judgment of the district court is REVERSED and this case is REMANDED to the district court for resentencing consistent with this opinion.