In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-2194

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESUS SALGADO,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cr-00394-2 — **John Robert Blakey**, *Judge.*

———————————

ARGUED FEBRUARY 4, 2019 — DECIDED MARCH 6, 2019

———————————

Before WOOD, *Chief Judge*, and EASTERBROOK and ST. EVE,
*Circuit Judges*.

ST. EVE, *Circuit Judge*. Jesus Salgado pleaded guilty to conspiracy to possess with intent to distribute heroin. At sentencing, over Salgado's objection, the district court applied an aggravating role enhancement and calculated the Guidelines range to be 210 to 262 months' imprisonment. The court sentenced Salgado below that range, to 192 months' imprisonment. It explained, however, that even if it were wrong on the

enhancement's application, it would have imposed the same sentence. Salgado appeals, challenging the district court's application of the aggravating role enhancement and the substantive reasonableness of his sentence. We affirm.

## I. Background

Beginning in 2015 or earlier, Salgado conspired with Lorenzo Salgado (his father), Ruby Joy Buenaventura, Jose Luis Rivera, Jr., and others to distribute heroin. As part of the conspiracy, Salgado used a stash house in Bensenville, Illinois to receive and store narcotics. Salgado's father, who lived in Mexico, was the leader of the drug trafficking organization.

Salgado was arrested in August 2016, after which a federal grand jury indicted him on several heroin-related charges. *See* 21 U.S.C. §§ 841(a)(1), 846. Salgado pleaded guilty to conspiracy to possess with intent to distribute heroin. Before sentencing, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"), relying on, among other things, the government's version of events, Rivera's grand jury testimony, and statements from a DEA Special Agent.

The PSR recommended an aggravating role enhancement under § 3B1.1(b), reasoning that Salgado, though subordinate to his father, "directed and controlled" Buenaventura and Rivera and was the Chicago-based leader of the conspiracy. Salgado objected to the enhancement in a presentencing memorandum and also at sentencing on the primary basis that his father ran the drug organization. According to Salgado, he had "no decision making authority, acted solely at the direction of [his father] … did not arrange the importation of the

drugs, and did not set any of the price or quantity terms." Salgado argued that the government had failed to prove otherwise by a preponderance of the evidence.

At sentencing, the district court asked the parties if they had any corrections to the PSR. Both parties said no. The district court heard argument on the disputed enhancement under § 3B1.1(b), which provides for a three-level enhancement if the defendant "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants … ." The court applied the enhancement, explaining that based on the "undisputed portions of the factual record" there were at least five participants to the conspiracy, and that Salgado's "role as the supervisor is clear from the materials that are not disputed." The court did not identify any evidence in the record, nor did it make any specific factual findings to support the enhancement. With the enhancement applied, the district court calculated the Guidelines range as 210 to 262 months in prison.

The court then heard argument on the appropriate sentence. Seeking a statutory minimum sentence of 120 months, Salgado argued that his family, especially his father, pressured him into criminal activity. He also argued that the Guidelines overstated his criminal history and role in the offense. For its part, the government emphasized the seriousness of the offense and disputed that the Guidelines overstated Salgado's criminal history or role in the offense.

The court discussed the § 3553 factors in detail. In imposing sentence, the court initially explained that even if it erred in applying the § 3B1.1(b) aggravating role enhancement, the sentence would have been the same:

> The court has considered the factors under 3553 to fashion a sentence that is sufficient but not greater than necessary to accomplish the purposes of sentencing. And having considered those factors, the sentence I am about to impose would be the same even if the guidelines were a little bit different. Counsel's made a variety of arguments regarding the calculation. He's made some arguments by way of 3553 factors, other guideline objections, certainly in particular the … aggravating role. The Court has considered those arguments. And while the aggravating role objection was overruled and I believe the application was appropriate in this case, the arguments made by your counsel were considered and are reflected in the 3553 factors. So even if the guideline calculation was different, even if I made a mistake in the calculation with respect to the aggravating role, the guideline sentence is going to not control the sentence here. What's going to control is the 3553 factors. So even if that calculation should have been different, the ultimate sentence is going to be the same either.

The court touched on this point later in the hearing:

> I've also considered your role in the offense. The enhancement was appropriate but not all defendants who are entitled or should have that enhancement are created equally and your counsel made a lot of good arguments in that regard and I've considered them in fashioning a sentence under 3553 … . And while … I believe … the enhancement was appropriately applied, that's what 3553 is to for, to fashion an individual sentence and that's what I've tried to do.

The court explained its sentencing rationale, discussing both mitigating and aggravating factors in detail. Afterwards, the court asked defense counsel if it had considered all "primary arguments in mitigation." Counsel responded: "You have, your Honor." The court then imposed a below-

Guidelines sentence of 192 months' imprisonment. The court asked if either party wanted "any further elaboration of [its] reasons under 3553." Defense counsel responded: "No, your Honor."

## II. Discussion

Salgado argues that the district court erred in applying the aggravating role enhancement and in not adequately considering all of his mitigation arguments. He also challenges the substantive reasonableness of his sentence. We take these arguments in turn.

## A. Procedural Reasonableness

We review procedural challenges to sentences *de novo*. *United States v. Griffith*, 913 F.3d 683, 688 (7th Cir. 2019). Our task is to "ensure that the district court committed no significant procedural error, such as incorrectly calculating the guidelines range, failing to consider the section 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

### 1. Aggravating Role Enhancement

Salgado first argues that the district court failed to make sufficient factual findings to support the enhancement. We agree. Despite Salgado's objection to the enhancement—detailed in a presentencing memorandum and argued at sentencing—the district court made no factual findings to support the enhancement. Instead, it vaguely referenced supposedly undisputed record items to support its decision to apply the enhancement.

This is a problem, both because the district court's cursory application of the enhancement precludes meaningful judicial review and because Salgado did, in fact, dispute the salient facts, including the extent of his supervision of others, the grand jury testimony of Rivera, and the role that his father played. As we have said before, "it is not our role to justify a sentence that lacks a sufficient explanation with our best guess for why the court imposed the sentence that it did." *United States v. Titus*, 821 F.3d 930, 935 (7th Cir. 2016).

The district court's procedural error, however, was harmless under the circumstances. *See United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018); *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009). While we need not determine whether the enhancement in fact applies, the district court unambiguously stated, with specific detail, that it would have—and why it would have—imposed the same sentence under § 3553, even if it had erred in applying the enhancement. 560 F.3d at 667; *see also United States v. Shelton*, 905 F.3d 1026, 1032 (7th Cir. 2018); *United States v. Rabiu*, 721 F.3d 467, 471 (7th Cir. 2013). Put another way, whether or not the enhancement should have applied, the district court's detailed explanation makes a remand pointless.

Salgado nevertheless argues that if the enhancement does not apply, the district court's 192-month sentence would be above, not below, the applicable Guideline range, making it difficult for this court to find harmless error. But the district court provided the sort of detailed analysis under § 3553 that would sustain an above-Guidelines sentence. And we rejected this type of reasoning in *Abbas*, where under similar circumstances we found harmless error in light of the district court's

unambiguous statements and its "detailed explanation for the parallel result." *Abbas*, 560 F.3d at 665–68.

### 2. Mitigation Arguments

Salgado also argues that the district court procedurally erred by failing to consider all of his mitigation arguments. Salgado has waived this challenge. The district court, following *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013), asked defense counsel if it considered all of counsel's mitigation arguments, to which counsel responded affirmatively. At the end of the sentencing hearing, the court likewise asked if counsel had "any legal objection to the sentence I have proposed or request any further elaboration of my reasons under 3553 both as to the term of imprisonment, the condition or terms of supervised release, or any other aspect of the sentencing." Defense counsel responded in the negative. The challenge is thus waived.[1] *United States v. Tartareanu*, 884 F.3d 741, 746 (7th Cir. 2018).

### B. Substantive Reasonableness

Finally, Salgado challenges the substantive reasonableness of his sentence, an issue we review for abuse of discretion. *See United States v. Thompson*, 864 F.3d 837, 841 (7th Cir. 2017). In doing so, "we take into account that the sentencing

---

[1] Regardless, Salgado forfeited his arguments by not objecting at sentencing, leaving us to review for plain error, which did not occur here. *United States v. Pankow*, 884 F.3d 785, 791 (7th Cir. 2018). The district court acknowledged and gave meaningful consideration to Salgado's mitigation arguments and the § 3553 factors. *See United States v. Bustos*, 912 F.3d 1059, 1063–64 (7th Cir. 2019).

judge is in a superior position to find facts and judge their import under section 3553(a) in the individual case." *United States v. Lewis*, 842 F.3d 467, 477 (7th Cir. 2016) (internal quotation marks and citation omitted).

Here, the district court did not abuse its discretion in imposing a sentence of 192 months' imprisonment, which is substantively reasonable in light of the § 3553 factors. This is true regardless of whether the sentence falls above, within or below the Guideline range. *See Abbas*, 560 F.3d at 668. Like in *Abbas*, the district court gave meaningful and thorough consideration to the pertinent factors to fashion a sentence that meets the statutory purpose of sentencing. The district court considered multiple factors, including the seriousness and nature of the offense and the family pressures that contributed to Salgado's participation in his father's criminal enterprise. Although Salgado may disagree with the district court's weighing of these factors, neither he nor the record offer any sound reason to disturb the district court's judgment.

### III. Conclusion

We AFFIRM the judgment of the district court.