In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1169

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY J. LEFLORE,

*Defendants-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 18-CR-30074-MJR — **Michael J. Reagan**, *Judge.*

SUBMITTED JUNE 3, 2019 — DECIDED JUNE 12, 2019

Before FLAUM, SCUDDER, and ST. EVE, *Circuit Judges.*

PER CURIAM. Anthony LeFlore, who has two prior felony convictions, traded drugs to minors in exchange for guns—one of which he sold to a confidential informant. He pleaded guilty to the illegal possession of a firearm. *See* 18 U.S.C. § 922(g). The district judge sentenced him to 96 months in prison, the top of a 77 to 96 month Sentencing Guidelines range, based on an offense level of 21 and a criminal history category of VI (derived from 15 criminal history points).

LeFlore appealed, but his counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). (LeFlore did not respond to counsel's motion. *See* CIR. R. 51(b).) Counsel explains the nature of the case and the issues that the appeal would involve. His analysis appears thorough, so we limit our review to the topics that he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first explains that he advised LeFlore of the possible disadvantages of contesting the adequacy of the plea colloquy and that LeFlore wants to challenge only his sentence. Counsel thus properly declines to discuss arguments related to the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel then considers arguing that the district judge erroneously determined that LeFlore had 15 criminal history points, but he decides that it would be frivolous to do so. The judge, however, did make an error, in calculating the criminal history points. The Guidelines treat sentences that are "imposed on the same day" as one when scoring a defendant's criminal history, unless there was an intervening arrest. U.S.S.G. § 4A1.2(a)(2); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1344–48 (2016). Here, accepting a probation officer's recommendation, the judge assessed three points for a second-degree murder conviction *and* two more points for driving on a revoked license. But according to the presentence report, LeFlore was arrested on the same day for these offenses and was sentenced for both on the same day approximately one year later. The judge, accordingly, should have assigned only three points for these offenses, not five.

Still, any challenge based on the miscalculation would be frivolous because we would conclude that the judge's error was harmless. An error is harmless if it did not affect the ultimate sentence imposed. *See United States v. Shelton*, 905 F.3d 1026, 1037 (7th Cir. 2018); *United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018). Excluding the two points added in error, the district judge should have determined that LeFlore had 13 criminal history points: 12 points based on convictions resulting in prison sentences of varying lengths, *see* U.S.S.G. § 4A1.1, and 1 point based on a conviction resulting in a fine, *see id.* at § 4A1.1(c); *United States v. Fluker*, 698 F.3d 988, 1003 (7th Cir. 2012). With 13 criminal history points, LeFlore would remain in the same criminal history category of VI that the judge previously calculated based on having assigned 15 points, and thus the same Guidelines range would apply. *See* U.S.S.G. Ch. 5, pt. A (sentencing table). The judge also added that the criminal history points and category underrepresented LeFlore's criminality.

At no point during sentencing did the judge give any indication that he would have imposed a lower sentence if LeFlore remained in the same criminal history category with fewer criminal history points. As other circuits have done under similar circumstances, we would conclude that the miscalculation of LeFlore's criminal history points, which did not change the applicable criminal history category, was harmless. *See, e.g., United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011); *United States v. Tiger*, 223 F.3d 811, 812–13 (8th Cir. 2000); *United States v. Jackson*, 22 F.3d 583, 585 (5th Cir. 1994); *see also United States v. Monzo*, 852 F.3d 1343, 1351 (11th Cir. 2017) (ruling that additional criminal history points, if added

in error, were harmless when defendant already did not qualify for safety valve and received statutory minimum sentence).

Counsel then considers arguing that the court applied an excessively high base-offense level built on an erroneous conclusion that two of LeFlore's prior Illinois convictions (for second-degree murder, 720 ILCS 5/9-2, and domestic battery, 720 ILCS 5/12-3.2) were for crimes of violence. *See* U.S.S.G. § 2K2.1(a)(2). He rightly concludes, though, that the argument would be frivolous. A conviction under Illinois's second-degree murder statute is a crime of violence. *United States v. Teague*, 884 F.3d 726, 729–30 (7th Cir. 2018). So is a conviction for domestic battery based on causing bodily harm under 720 ILCS 5/12-3.2(a)(1). *See United States v. Waters*, 823 F.3d 1062, 1064–65 (7th Cir. 2016). True, a conviction under 720 ILCS 5/12-3.2(a)(2) for domestic battery based on making physical contact of an insulting or provoking nature falls outside the definition of a crime of violence, *see United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017) (citing Illinois battery statute, 720 ILCS 5/12-3), but LeFlore never objected to the presentence investigation report's representation that his domestic battery conviction was for a violent felony, and we would not conclude that the district court plainly erred in accepting that it was, *see id.* at 799–800.

Counsel next contemplates arguing that the sentence was substantively unreasonable. But counsel accurately concludes that this argument would be frivolous, too. The district court appropriately considered the § 3553(a) factors, including the seriousness of the offense (LeFlore traded drugs to juveniles for guns), and LeFlore's history and characteristics (LeFlore's criminal history category did not reflect his numerous other

convictions during his "32-year crime spree"). The sentence, the court stated, was necessary to punish and deter LeFlore, as well as to protect the public, given his extensive criminal history. Counsel suggests that the court erred by not addressing LeFlore's argument that his history of alcohol and drug use were mitigating factors. A district court, however, need not expansively respond to every argument if its reasoning is otherwise clear, and it need not respond at all to stock arguments. *See United States v. Graham*, 915 F.3d 456, 459 (7th Cir. 2019). In any event, a defendant waives an appellate challenge to a district court's explanation of the sentence when he does not accept a court's invitation to object, *see United States v. Salgado*, 917 F.3d 966, 970 (7th Cir. 2019), and LeFlore declined the court's offer of "further amplification of [§] 3553."

Last, counsel assesses potential challenges to LeFlore's conditions while on supervised release, but he correctly determines that LeFlore waived any such challenge. A defendant waives appellate arguments against supervisory conditions when he has a chance to review them before sentencing and does not object to them. *See United States v. St. Clair*, No. 18-1933, 2019 WL 2399597, at *2 (7th Cir. June 7, 2019); *United States v. Gumila*, 879 F.3d 831, 837–38 (7th Cir. 2018). LeFlore said at the sentencing hearing that he reviewed the presentence investigation report with counsel, understood the proposed conditions, and agreed that they were appropriate.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.