NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019
Decided October 18, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3418

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18 CR 00114-001 |
| THOMAS CALDWELL, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Thomas Caldwell pleaded guilty to dealing in firearms without a license. *See* 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D). The district court sentenced him to 37 months' imprisonment—the bottom of his calculated guidelines range—and three years' supervised release. Caldwell appealed, but counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Caldwell did not respond to counsel's motion, *see* CIR. R. 51(b), which explains the nature of the case and addresses the potential issues that an appeal of this kind might be expected to involve. In her brief, counsel states that she consulted with Caldwell and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits any discussion of potential arguments related to Caldwell's plea or plea colloquy. *See United States*

*v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because counsel's brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel considers whether Caldwell could challenge the district court's assessment of his base offense level but properly concludes that any challenge would be frivolous. The judge correctly assessed Caldwell's base offense level under U.S.S.G. § 2K2.1(a) at 12, the lowest possible level for a conviction under 18 U.S.C. § 922(a). *See* U.S.S.G. § 2K2.1(a)(7)–(8).

Counsel then considers whether the district court procedurally erred in applying an eight-level guideline enhancement under a "special offense characteristics" provision of U.S.S.G. § 2K2.1, which addresses firearm offenses, because Caldwell's offense involved 100 to 199 firearms. *Id.* § 2K2.1(b)(1)(D). Caldwell did not object to the enhancement at sentencing, so we would review this determination for plain error, *United States v. Oliver*, 873 F.3d 601, 607, 611 (7th Cir. 2017), and we agree that any challenge would be frivolous. Despite being warned in late 2015 by the Department of Alcohol, Tobacco, Firearms, and Explosives (ATF) to stop selling firearms unless he obtained the proper federal license for doing so, Caldwell continued to buy and sell guns. As the record reflects, Caldwell—after receiving the warning letter—bought 95 handguns and 11 rifles, and placed 192 advertisements for gun sales on Armslist (a classified advertisement website devoted to gun sales). When a court determines the number of firearms involved in an offense under § 2K2.1(b)(1), it must consider relevant conduct, and specifically how many firearms were possessed as "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *see also United States v. Ghiassi*, 729 F.3d 690, 694 (7th Cir. 2013); *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998). Under these circumstances, it would be frivolous to argue that the district court plainly erred in counting the 192 firearms Caldwell listed for sale as part of his course of conduct (i.e., dealing in firearms without a license).

Counsel also considers challenging a four-level enhancement for the trafficking of firearms under U.S.S.G. § 2K2.1(b)(5). That guideline directs a court to apply a four-level enhancement if the defendant "knew or had reason to believe" that, for at least two guns, the purchaser intended to use or dispose of the gun "unlawfully" or was a person prohibited by federal law from possessing a gun. U.S.S.G. § 2K2.1 cmt. n.13(A). Here, too, Caldwell's failure to object to the enhancement at sentencing means that plain-error analysis would apply, and counsel rightly concludes that a challenge to this

enhancement would be frivolous. As the record shows, Caldwell had been served with the warning letter and informed by ATF agents that a gun he had sold was recovered during a narcotics search of a convicted felon, yet he continued to sell guns to the same person who sold the gun to a convicted felon—including the gun that ultimately was used to murder a Chicago police officer. Given these facts, it would be frivolous to argue that the district court plainly erred in finding that Caldwell had reason to believe that, for at least two guns, the recipient intended to use them unlawfully. *See United States v. Gilmore*, 60 F.3d 392, 393–94 (7th Cir. 1995).

Next, counsel correctly recognizes that any challenge to the substantive reasonableness of Caldwell's sentence would be frivolous. Caldwell's 37-month prison sentence is at the bottom of the guidelines range, so we presume it to be reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel identifies only one potential reason to challenge that presumption—that the district court erred by not specifically addressing Caldwell's mitigation argument that similar cases decided in the same district received lower sentences or dispositions. Counsel correctly rejects that argument, however, because a district court need not extensively respond to every mitigation argument if the court's reasoning is otherwise clear, as it was here. *See United States v. LeFlore*, 927 F.3d 472, 475–76 (7th Cir. 2019).

Moreover, the court properly addressed the sentencing factors in 18 U.S.C. § 3553(a), emphasizing the seriousness of the offense—specifically the "incredibly insistent" nature of Caldwell's conduct in continuing to sell many guns, for years, even after receiving a warning letter and several verbal warnings from ATF agents. The judge also adequately weighed Caldwell's arguments in mitigation, addressing his status as a veteran, his diagnoses of schizophrenia and PTSD, his poor physical health, and his purported good character as described in letters from friends and family.

Last, counsel assesses potential challenges to the imposition of supervised release, but she correctly determines that any challenge would be frivolous. Again, Caldwell's failure to object to the imposition of supervised release at sentencing means that we would review only for plain error. Counsel does not identify any non-frivolous argument to make about Caldwell's supervised release, and we discern none. The district court related the term and conditions of supervised released to the § 3553(a) sentencing factors, which we have already determined were properly addressed.

We GRANT counsel's motion to withdraw and DISMISS the appeal.