In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2421

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JACQUELINE KENNEDY-ROBEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:19-cr-54-1 — **Ronald A. Guzmán**, *Judge.*

ARGUED FEBRUARY 13, 2020 — DECIDED JUNE 29, 2020

Before FLAUM, MANION, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* Jacqueline Kennedy-Robey
pleaded guilty to one count of mail fraud in violation of 18
U.S.C. § 1341. The district court imposed an above-guidelines
sentence. On appeal, Kennedy-Robey argues that the district
court failed to consider either her mental health condition or
the more lenient sentences received by defendants convicted

of similar crimes. She also argues that the sentence was sub-
stantively unreasonable. We disagree and affirm the district
court's judgment.

I.

Kennedy-Robey's legal troubles began in 2012, when she
was charged with several fraud counts for operating two elab-
orate schemes: a tax scheme to defraud the Internal Revenue
Service (IRS) and an unemployment insurance scheme to de-
fraud several state unemployment agencies. While awaiting
trial on these charges, Kennedy-Robey was released on bond.
She then resumed her fraudulent activities, completely unde-
terred by the pending charges. In response, the government
moved to revoke her bond and obtained a warrant for her ar-
rest. But instead of showing up at the bond revocation hear-
ing, Kennedy-Robey sent the following note to the court:
"When I do turn myself in, it will be because I respect you +
your position." She remained a fugitive until law enforcement
officers finally caught up to her in Chicago a few months later.
When they arrested Kennedy-Robey, the officers found her
to-do list, which read more like a "how-to" guide for fugi-
tives—it included self-reminders to "change phones
monthly" and "move every 3–4 months."

Kennedy-Robey eventually pleaded guilty to several
counts of fraud. Even though the guidelines range was 210 to
262 months, the district court sentenced her to 72 months of
imprisonment and three years of supervised release. It also
ordered her to pay over $4.8 million in restitution.

In August 2017, Kennedy-Robey was released from a fed-
eral prison to a halfway house in Chicago. Within weeks of
reaching the halfway house, Kenney-Robey filed a fraudulent

automobile loan application and obtained a loan exceeding $30,000, which she used to purchase a Mercedes-Benz. She also filed a fraudulent credit card application. A few months later, she and another defendant purchased another car with funds obtained from yet another fraudulent loan application. In early 2019, Kennedy-Robey was indicted on two counts of mail fraud in violation of 18 U.S.C. § 1341 and pleaded guilty to one.

At sentencing, the government asked for an 18-month sentence—the upper limit of the guidelines range of 12 to 18 months. For her part, Kennedy-Robey asked for a below-guidelines sentence of 8 months. After considering Kennedy-Robey's long history of unrepentant criminal conduct and disrespect for the law, the district court imposed a 36-month sentence, followed by five years of supervised release.

## II.

Kennedy-Robey argues that her sentence is plagued by both procedural and substantive error. She says that the district court neither addressed her primary mitigation argument nor justified giving her a higher sentence than other defendants with similar records. She also insists that her sentence is substantively unreasonable.

## A.

Kennedy-Robey emphasized two points at sentencing. First, she described the role that her mental health had played in her offense and maintained that treatment would be more effective than imprisonment in rehabilitating her. And second, she contended that a below-guidelines sentence would

be comparable to sentences imposed on similarly situated defendants in the district. According to Kennedy-Robey, the district court failed to adequately address either point.

We'll start with Kennedy-Robey's mental health condition, on which she based her main argument in mitigation. Kennedy-Robey was diagnosed with borderline bipolar disorder and adjustment disorder. She argued that her conduct was at least partly attributable to her mental health condition because it impaired her ability to distinguish between right and wrong; she also insisted that treatment would more effectively rehabilitate her than imprisonment. In her statement at sentencing, she asserted that before receiving proper mental health treatment she was "very good at rationalizing [her] choices and decisions." While incarcerated, she "did not receive the mental health services [that she] needed" and when she was released to the halfway house, she continued to "rationalize [her actions] to the T." But, she said, the mental health treatment she received in 2018 put her "on the right track," enabling her to cease her criminal conduct while she was on supervised release. In light of that experience, she maintained that mental health treatment, not prison, is what would help her turn her life around.

Kennedy-Robey argues that the district court failed to explain why this argument did not persuade it to reduce her sentence or at least her prison time. *See United States v. Jones*, 798 F.3d 613, 617 (7th Cir. 2015) (explaining that a district court "must address the defendant's principal arguments in mitigation unless they have no legal merit"). But the district court expressly stated its reasons. It explained that "[t]his is not just rationalization" and that "the fault here does not lie entirely with the failure of institutions and others to provide

mental health counseling for this defendant." The district court also observed, "If a defendant cannot be made to follow the law while under the Court's supervision, whether before or after conviction, I don't see the hope of rehabilitation there anywhere." Finally, based on Kennedy-Robey's continued criminal behavior, the district court expressed doubt that Kennedy-Robey would stop her behavior anytime "in the near future." This was sufficient. As we have said before, "A short explanation will suffice where the context and record make clear the reasoning underlying the district court's conclusion." *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008).

Moreover, it bears emphasis that while the district court rejected Kennedy-Robey's argument, it did not ignore her request for mental health treatment—and that is itself evidence that the district court carefully considered what Kennedy-Robey had to say. The district court inquired about the type of treatment that she needed and whether her requested penitentiary could provide it. In addition, as a condition of her supervised release, it required her to "participate at the direction of the probation officer in a mental health treatment program and … take any medications prescribed by the mental health treatment provider." We have treated the inclusion of mental health treatment as a condition of probation as evidence that the district court adequately considered the defendant's mental health argument. *See United States v. Davis*, 764 F.3d 690, 695 (7th Cir. 2014). In sum, the record reflects that the district court "meaningfully considered and rejected" Kennedy-Robey's argument. *Jones*, 798 F.3d at 619.

Kennedy-Robey's second claim of procedural error also fails. At sentencing, she argued that a below-guidelines sentence was warranted because other defendants in the district had been given below-guidelines sentences for fraud-related charges. On appeal, she stresses that the district court did not even mention this argument (let alone fully address it) before imposing the above-guidelines sentence. But as we have repeatedly explained, the sentencing court "need not expansively respond to every argument if its reasoning is otherwise clear." *United States v. LeFlore*, 927 F.3d 472, 475 (7th Cir. 2019); *see also United States v. Faulkner*, 885 F.3d 488, 499 (7th Cir. 2018) ("[T]here is generally no disparity problem so long as the remainder of the sentencing explanation makes it plain that the disparity was warranted."). And in this case, an explicit reference to Kennedy-Robey's disparity argument was unnecessary because the district court's explanation for the above-guidelines sentence clearly shows why it rejected that argument.

In imposing the sentence, the district court specifically acknowledged that nonviolent crimes do not always necessitate imprisonment. But it concluded that Kennedy-Robey's case was different because it found that there was "something absolutely frightening about such a persistent behavior of conduct to lie and to cheat." Indeed, the district court went to great lengths to distinguish Kennedy-Robey from the typical defendant charged with a similar crime. The court explained:

> I don't think in the 29 years that I've been in this building I have seen someone who continued her criminal behavior while she was on supervised release awaiting trial, absconded and con-

> tinued her criminal behavior while she was a fugitive, served six years, essentially a 72-month sentence, was released to serve the latter part of that sentence at a halfway house to help her integrate into society, then picked up right where she had left off before that, continued to engage in multiple fraudulent actions, lying and essentially cheating companies out of their money.

The district court may not have specifically referenced Kennedy-Robey's argument regarding other "similarly situated" defendants, but the record makes clear that it did not consider Kennedy-Robey to be a typical defendant. Kennedy-Robey has failed to identify a procedural error.

### B.

In addition to her procedural challenges, Kennedy-Robey argues that her sentence is substantively unreasonable. Such a challenge is difficult to win because "sentencing judges rightly maintain significant discretion in fashioning an appropriate sentence." *United States v. Ramirez-Mendoza*, 683 F.3d 771, 777 (7th Cir. 2012). We review the reasonableness of the sentence for an abuse of discretion and affirm a sentence above the guidelines range "so long as the district court offered an adequate statement of its reasons." *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008). If the district court, after considering the prescribed factors under 18 U.S.C. § 3553(a), explains why the sentence fits the defendant's particular circumstances, then we are unlikely to upset its judgment. *United States v. Jackson*, 547 F.3d 786, 792–93 (7th Cir. 2008).

The district court adequately justified its decision to deviate from the guidelines with reference to the § 3553(a) factors and the unique aspects of Kennedy-Robey's case. *See* 18 U.S.C. § 3553(a) (listing factors such as "the history and characteristics of the defendant," as well as the need "to promote respect for the law," deter "criminal conduct," and "protect the public from further crimes"); *see also United States v. Christiansen*, 594 F.3d 571, 576 (7th Cir. 2010) (noting the district court's obligation to meaningfully consider these factors). As we have already explained, the district court went out of its way to distinguish this case from the typical fraud case; according to the district court, Kennedy-Robey's apparent inability to cease her criminal behavior "reflect[ed] an almost irrational persistence in committing fraud." It concluded that an above-guidelines sentence was warranted to "protect the public from her conduct." The district court also emphasized the importance of promoting deterrence in particular and concluded that a sentence within the guidelines range of 12 to 18 months would not have an "impact" on Kennedy-Robey. Moreover, the district court stressed that Kennedy-Robey had "disrespected" the law "in just about every way possible" and that an above-guidelines sentence was needed "to promote respect for the law." Based on this record, we're hard-pressed to conclude that the district court abused its discretion in imposing an above-guidelines sentence.

\* \* \*

The judgment of the district court is AFFIRMED.