**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021
Decided January 6, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-1127

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 1:18-CR-00252(1) |
| ROBERT JOHNSON,<br>    *Defendant-Appellant*. | Charles R. Norgle,<br>*Judge*. |

**O R D E R**

Robert Johnson robbed a bank and then led police on a high-speed car chase before being arrested. He pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), and was sentenced below the guidelines to six years in prison and three years' supervised release. Johnson appealed, but counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Johnson opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because that analysis appears thorough, we limit our review to the subjects raised by counsel's and Johnson's submissions. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Having confirmed that Johnson seeks to contest his guilty plea on appeal, counsel first considers whether he could raise any nonfrivolous challenge to the voluntariness of his guilty plea under Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because Johnson did not move to withdraw his plea in the district court, we would review any appellate challenge to his guilty plea for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Counsel points out three omissions in the plea colloquy but correctly concludes that all are harmless. First, the court did not ensure that Johnson understood the nature of his charge. *See* FED. R. CRIM. P. 11(b)(1)(G). This exclusion, however, did not affect Johnson's substantial rights because he was aware of the pending charges, having affirmed—both in his written declaration and at the change-of-plea hearing— that he was charged with bank robbery, that counsel fully explained his charge, and that he understood the charge's nature and elements. *See United States v. Hernandez*, 731 F.3d 666, 670–71 (7th Cir. 2013). Second, the court did not warn Johnson that his statements could be used in a future perjury prosecution. *See* FED. R. CRIM. P. 11(b)(1)(A). But this omission too is harmless because there is no current or prospective prosecution against him. *See United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016). Third, the court asked whether Johnson's plea resulted from "promises" rather than "threats." *See* FED. R. CRIM. P. 11(b)(2). Because the plea agreement stated that "no threats, promises, or representations . . . nor agreements" induced him to plead guilty, the omission is harmless. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Counsel next considers whether Johnson could argue that the evidence was insufficient to support a five-level upward enhancement for the specific-offense characteristic of possessing a firearm during his flight from the robbery. *See* U.S.S.G. § 2B3.1(b)(2)(C). The district court had found that a firearm discovered on farm property on the route of Johnson's flight from police belonged to him. Counsel rightly dismisses any challenge to that finding as frivolous, given that substances on the discarded gun matched his DNA, the gun was discovered along the route where he was chased, and the gun took the same bullets found on Johnson when he was arrested. Johnson, for his part, contends that the evidence did not show that he had the gun during the chase, but this argument presents only "an alternative view" and does not show "clear error." *See United States v. Block*, 705 F.3d 755, 761 (7th Cir. 2013).

Counsel similarly concludes, and we agree, that it would be pointless for Johnson to challenge the district court's determination that he recklessly endangered the public during his flight from police and therefore qualified for a two-level enhancement. *See* U.S.S.G. § 3C1.2. The evidence was more than sufficient for the court to find, based

on its review of police dashcam footage, that Johnson recklessly created a substantial risk of death or serious bodily injury when he exceeded 90 miles per hour driving down village streets, through a school zone, and in the face of oncoming traffic. *See United States v. Brown*, 716 F.3d 988, 995–96 (7th Cir. 2013) (citing cases).

Counsel (and Johnson) both consider challenging the district court's decision to assess criminal history points for Johnson's 2006 conviction for delivering cannabis. Even though Johnson had been sentenced to six years, he served only 157 days through Illinois's Impact Incarceration Program. But counsel rightly rejects this challenge as frivolous because the calculation of criminal history points is based on the "sentence pronounced, not the length of time actually served." *United States v. Womack*, 610 F.3d 427, 431 (7th Cir. 2010) (quoting *United States v. Gajdik*, 292 F.3d 555, 558 (7th Cir. 2002)).

Counsel then examines and correctly rejects any potential challenge to Johnson's below-guideline sentence. The district court, counsel explains, properly calculated the guidelines and appropriately evaluated the relevant 18 U.S.C. § 3553(a) sentencing factors, including the seriousness of the offense ("to impose a sentence too light would deprecate the seriousness of what occurred here") and Johnson's history and characteristics (an 18-month sentence "is clearly unreasonable given the background of the defendant"). *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016). Johnson suggests that the court erred by not addressing his arguments that his troubled childhood and negative impact of his incarceration on his family and community were mitigating factors, but a district court need not respond to such "stock arguments." *See United States v. LeFlore*, 927 F.3d 472, 475–76 (7th Cir. 2019). Johnson received a below-guidelines sentence, which we would presume to be reasonable, *see United States v. Dewitt*, 943 F.3d 1092, 1098 (7th Cir. 2019), and counsel could not identify anything that rebuts this presumption.

In his Rule 51(b) submission, Johnson asserts that his counsel provided ineffective assistance in the district court because counsel, among other reasons, "help[ed] the prosecutor." But, any claim of ineffective assistance would best be saved for collateral review, where a record could be made to support it. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

Johnson also seeks to challenge the conditions of his confinement under 42 U.S.C. § 1983, but a direct criminal appeal is not a proper vehicle for such a challenge.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.