NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021
Decided April 16, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2456

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 19-CR-30124-NJR-01 |
| BRIAN L. REDDEN, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

While serving a federal sentence for a drug offense, Brian Redden was caught with Suboxone and later pleaded guilty to possessing a prohibited object while incarcerated. *See* 18 U.S.C. § 1791(a)(2), (b)(1). The district court sentenced him within the guidelines range to an additional 27 months in prison. Redden appealed, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough and Redden has not responded to the motion, *see* CIR. R.

51(b), we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Redden could challenge the district court's guidelines calculation and properly rejects such a challenge as frivolous. The district court correctly calculated Redden's guidelines range at 27 to 33 months, based on a total offense level of 11 and criminal history category of VI. His offense level was largely attributable to Suboxone's classification as a "narcotic drug." U.S.S.G. § 2P1.2(a)(2); *see* 21 U.S.C. § 802(17). And his criminal history category reflected four prior convictions resulting in sentences of more than one year and one month, *see* U.S.S.G. § 4A1.1(a), and one resulting in probation, *see id.* § 4A1.1(c). *See id.* ch. 5, pt. A; *United States v. LeFlore*, 927 F.3d 472, 475 (7th Cir. 2019).

Then counsel examines whether Redden could argue that the district court failed to address his arguments in mitigation or adequately explain its sentencing justification. But counsel correctly recognizes that he waived any such challenge when he assured the court at sentencing that it had addressed Redden's mitigation arguments. *See United States v. Stephens*, 986 F.3d 1004, 1009 (7th Cir. 2021); *United States v. Gardner*, 939 F.3d 887, 892 (7th Cir. 2019). Moreover, the court did discuss Redden's principal argument about a sentencing disparity in the guidelines for prisoners found to possess drugs, *compare* U.S.S.G. § 2P1.2(a)(2) (base offense level of 13 for prison-contraband offense) *with id.* § 2D1.1(c)(17) (base offense level of 6 under drug-quantity tables), concluding that the guidelines "get it right" with respect to a federal inmate's possession of contraband. *See United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009).

Finally, counsel evaluates and correctly rejects any potential challenge to the substantive reasonableness of Redden's sentence. Because the sentence was within a properly calculated guidelines range, we would presume it to be reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). Counsel has not identified anything in the record rebutting that presumption, nor have we. The district court appropriately evaluated the relevant 18 U.S.C. § 3553(a) factors, including the seriousness of Redden's offense (he injured a prison guard who confiscated the Suboxone), his history and characteristics (he had a "deplorable" childhood, significant criminal history, and struggled with substance abuse), and the need for specific and general deterrence (signaling that "this is a serious crime"). *See United States v. Lockwood*, 840 F.3d 896, 903 (7th Cir. 2016).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.